KINGSLAND and others *vs.* BARTLETT and others.

An application to open a sale under a judgement, on the ground of misapprehension as to the time of sale, or any other circumstances not affecting the regularity of the proceedings, is addressed to the discretion of the court; and an order made thereon is not appealable.

APPEAL from an order made at a special term, denying a motion to set aside a sale of mortgaged premises under a decree of foreclosure, and for a resale of the property. The motion was made by Timon, a judgment creditor of Bartlett, the mortgagor, whose judgment was recovered subsequent to the date of the mortgage. The grounds of the motion were, inadequacy of price, and the fact that Timon, who intended to bid upon the property, in order to protect himself, was misled by one of the plaintiff's attorneys, in regard to the probability of a sale taking place, and was thus prevented from attending the sale.

*C. A. Runkle,* for the appellant.

*Sterling & Thayer,* for the respondents.

*E. J. Beach,* for the purchaser.

*By the Court,* CLERKE, J.   An application to open a sale under a judgment, on the ground of misapprehension as to the time of sale, or any other circumstances not affecting the regularity of the proceedings, must necessarily be addressed to the discretion of the court. And this discretion is regulated, as in every case where the court is called to exercise it, by the consideration whether, from the collateral facts, the conduct of the parties, and perhaps the amount for which the property was sold, it would be *expedient,* in justice to all concerned, including the purchaser, to order a resale. This excludes the idea of any right, on the subject. There can be no right where no legal mistake has been committed by those who have conducted the proceedings. There may be hard-

ship, but this is entirely for the consideration of the judge who hears the application.

I think, therefore, the appeal should be dismissed, with $10 costs.

[New York General Term, November 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]