## W. T. WHEATLEY, *et al.*, v. EDMUND TERRY.

1. PRACTICE—*Waiver of Petition and Pleadings.* Where a motion is made to set aside a sale of real estate, and an order of confirmation thereof, on the ground that there had been no advertisement of the property sold, such as is required by law, and it appears that the party in whose interest the sale has been made and the purchaser at the sale came before the court and waived all objections to the form of the proceedings, and consented to the hearing upon said motion, and it further appears that the allegations of the motion as to the want of a proper advertisement, were true, as a matter of fact, *held*, that, under the circumstances, the court should have granted the motion.

2. JUDICIAL SALE—*Insufficient Notice—Setting Sale aside.* A sale of lands made by the sheriff on a day not named in his notice of sale, is illegal, and should be set aside. So also where lands are so sold which are not described in such notice.

### *Error from Wyandotte District Court.*

EDMUND TERRY recovered a judgment in the district court in October, 1865, against *W. T. Wheatley* and *Thomas F. Thatcher* for $2,317 debt, and for the sale of the "undivided-half of lot *five*, in block six, in the city of Wyandotte," to satisfy such debt, which was decreed to be a lien on said premises. An order of sale was issued to the sheriff, May 24th, 1866; said premises were appraised at $3,000, and the sheriff caused a notice of sale to be published in the *Wyandotte Gazette,* the first publication being on the 25th of May, and the last on the 23d of June. The following is a copy of so much of said notice as is necessary to show the alleged errors:

"SHERIFF'S SALE.—On the 30th *day of June,* 1866, at 10 o'clock A. M., at the door of the court house in the city of Wyandotte, county of Wyandotte, and State of Kansas, I will offer for sale at public auction, for cash in hand, one undivided-half of lot No. *Two,* in block No. Six, situate in the city of Wyandotte, county and State aforesaid, on an order of sale," etc.

The sheriff made return of said order of sale, stating therein that he had "advertised the *within described*

lands and tenements for sale at public auction," etc.,
"said sale to take place *on the* 14th *day July* 1866, at 10
"o'clock A. M., proof of which is hereto attached," etc.,
and that on the "*said* 14th *day of July*" he sold the said
property, and struck off the same to Allison B. Bart-
lett," etc.

At the October Term, 1866, the district court made an
order which was duly entered as follows: "The said
"proceedings, and the sale in said return set out, being
"by the court in all things considered regular and in
"conformity with the laws of this state, *it is ordered*, that
"the said sale and proceedings be and the same are hereby
"confirmed, and the said sheriff is ordered to make to
"the purchaser a deed for the lands and tenements so
"sold."

On the 19th of June 1869, the defendants *Wheatley* and
*Thatcher* filed their motion in the district court to set
aside the said sale, and to vacate said order of confirma-
tion, "because said sale was not duly advertised, and was
not made in conformity to law, and because of irregu-
larity in entering said order of confirmation upon the
insufficient return of the sheriff." A copy of said motion
was served upon Bartlett, the purchaser at the sale, and
upon the sheriff.

The attorney of record for plaintiff *Terry* appeared and
indorsed upon said motion a stipulation as follows:

"The above named plaintiff waives petition, other
than the within, and appears to this motion, and consents
that the same be heard instanter. A. B., *Atty for Plff.*"

And Bartlett, the purchaser, and Ex-Sheriff Ferguson,
indorsed and signed a stipulation on said motion as
follows:

"The said Bartlett and Ferguson within named also

waive all objections to the want of petition, other than the within motion, and consent that the motion be heard instanter."

Said motion was duly heard before the district court, and was overruled. *Wheatley* and *Thatcher* excepted, and now bring the case here by petition in error, for review.

*J. P. Usher*, for plaintiffs in error :

1. The sheriff returns that he advertised the property to be sold " *July* 14th," while the notice is to sell " *June* 30th." And the decree and order of sale described the undivided-half of lot " *five*," while the notice is for the undivided-half of lot " *two*." ·

" Land taken on execution shall not be sold until the officer cause public notice of *the time* and place of sale to be given." § 448, code of 1862; § 457, code of 1868.

" The officer shall *advertise such property* "—that is, the lands to be sold. § 445, code of 1862; § 454, code of 1868.

In this case the sheriff did not *advertise* the property sold, nor *the time* when the sale was actually made. The advertisement was of different property, to be sold at another time.

2. The application to set the sale and order aside, is authorized by sub-division *third* of § 546, code 1862; (§ 568, code of 1868.) . And the application shall be by "motion," § 547, code of 1862, (§ 569, code of 1868,) and made within three years; § 553, code of 1862, (§575, code of 1868.)

And § 448, Comp. Laws, 1862, p. 199, (§ 457, code of 1868,) unequivocally declares that all sales of lands by the sheriff without advertisement *shall be set aside on motion*.

.. *A. B. Bartlett*, for defendant in error. [No brief on file.]

The opinion of the court delivered by

SAFFORD, J.: This was a motion to set aside a sale of real estate and an order of confirmation thereof, on the ground that there had been no advertisement of the property sold, such as is required by law. It is shown that the party in whose interest the sale had been made, and the purchaser at the same, were before the court, and that they waived all objections to the form of the proceedings, and consented that the questions raised should be heard upon the said motion. The record also shows that the allegations of the motion as to want of proper advertisement were true as a matter of fact. The court refused the motion, though upon what ground, it does not appear, nor do we see any good ground for such refusal. Under the circumstances we are of the opinion that the motion should have been granted.

It is unnecessary to decide whether or not this proceeding should have been by petition, and no opinion is expressed upon that point.

The order of the district court overruling the motion to set aside the sale and the order of confirmation, is reversed.

All the Justices concurring.