DEPEW, appellant, v. DEWEY *et al.*

*Mortgage — foreclosure and sale — when court will · not set aside — Laches — ·
Appealable order.*

Plaintiff holding a mortgage foreclosed it by action, and the mortgaged premises were, under the judgment in said action, sold July 7, 1857. The owner of the equity of redemption was not served personally in the action, but was, in 1858, told by her husband, who had charge of her property, that the premises had been sold to pay interest, and that there was no relief. In the summer of 1870 she first learned all the facts of the sale, and, in October, 1871, moved to have the judgment of foreclosure and the sale set aside upon her paying the mortgage debt. *Held,* that it was too late to apply for an opening of the judgment and sale. The notice given the owner of the equity of redemption in 1858, was sufficient to put her on inquiry, and imposed upon her the duty of diligence in asserting her claim; and further, that after gaining full knowledge of the facts in the summer of 1870, she was limited to a year thereafter in which to make her motion, and, not doing so within that time, was guilty of laches and not entitled to succeed.

The judgment and sale were opened by the court below. *Held,* that the order was not discretionary, but affected a substantial right and was appealable.

THE appeal in this cause is taken from an order made at special term, on the 7th day of July, 1873, setting aside a judgment recovered for the foreclosure of a mortgage assigned to the plaintiff, the sale made under the judgment on the 17th day of July, 1857, and the sheriff's deed given the plaintiff on such sale, on payment to the plaintiff of the amount due on the mortgage foreclosed, and another mortgage held and owned by him at the time of the foreclosure and sale, or bringing the same into court and depositing the amount with the clerk; and directing that the mortgages should be discharged and canceled of record, together with the bonds, upon

such payment or deposit, and that upon receiving from the plaintiff a full release, under seal, of all claims against her for interest on the mortgages, and all sums paid out for taxes, assessments, insurances or otherwise, on the mortgaged premises, and receiving from him the amount of the rents, issues and profits of the premises since the date of the report of the referee appointed to report the facts pending the motion, viz., the 6th of June, 1872, and taxes and assessments for the same period, the defendant, Cynthia B. Dewey, should release him from all claims to any of the rents, issues and profits of the mortgaged premises during the time of the plaintiff's possession to the date of such report; and that, within five days after such payment or deposit of the amount due on such mortgages at the time of sale, the plaintiff should yield up and surrender to the defendant, Cynthia B. Dewey, peaceable and quiet possession of the mortgaged premises; and that the releases to be given should be executed and delivered within five days after the payment or deposit in court of the amount so due on the mortgages.

It appeared in support of the motion in which this order was made, that the defendant, Cynthia B. Dewey, became the owner of the equity of redemption in the mortgaged premises, subject to such mortgages, and which she assumed to pay, on the 5th day of May, 1856. That one of the mortgages was foreclosed in this action, which was commenced in the spring of 1857. The summons was not served upon her, she being at the time absent from the city; but her husband (who procured the property to be conveyed to her for a consideration supplied by him, without her knowledge or procurement, and afterward, with her permission and allowance, controlled and managed the property in her behalf) employed an attorney for her as well as himself, who appeared for them both in the action. She had no knowledge of the employment of the attorney on her behalf, and never conferred any direct authority upon her husband authorizing such employment. She knew nothing of the proceedings in the foreclosure action until after judgment had been recovered, and the property had been sold. After that, and as she stated in her affidavit used on the hearing of the motion, "sometime during the summer of the years 1857 and 1858, she asked her husband if the rent had been paid for said premises, when she was informed by him that the premises had been sold to pay interest, and that there was no relief; that she could not find her deed, and having no

knowledge of legal matters, and at said time having confidence in the statement of said Dewey, she made no further inquiry into the matter." She further added, "that she never knew of said foreclosure proceedings until the summer of 1870; that she never heard of them in any manner whatever until said time." This affidavit was sworn to, and notice of the motion given on the 6th day of October, 1871. The attorney for the plaintiff acted in good faith, supposing that the attorney who appeared for the owner of the equity of redemption was empowered to act as he did in her behalf. It appeared further, by the affidavit of Mrs. Dewey, that when the plaintiff became the purchaser at the foreclosure sale, under the judgment, he took a deed of the premises, and had ever since remained in possession of the same; and, on her information and belief, that when he purchased he did so for the benefit of himself and brother, and, in the year 1871, conveyed one-half of them to his brother's widow, who was said brother's sole legatee. The deed of the premises to Mrs. Dewey contains a recital that it was given for the consideration of $4,000. . Notice of the motion does not appear to have been given to the plaintiff's grantee of one-half the premises, and she does not appear to have been represented on its hearing. The other material facts appear in the opinion.

*J. E. Burill,* for appellant.

*Edgar S. Van Winkle,* for respondent.

DANIELS, J.   It was objected, for the defendant, on the argument of the appeal, that the order made was discretionary, and that no appeal could be taken from it by the plaintiff, and the cases of *Tallman* v. *Hinman,* 10 How. 89; *Kingsland* v. *Bartlett,* 28 Barb. 480; *Wakeman* v. *Price,* 3 N. Y. 334; *Buffalo Savings Bank* v. *Newton,* 23 id. 160, and *Foote* v. *Lathrop,* 41 id. 358, are relied upon as supporting the objection. But in those cases the orders appealed from 'either set aside the sales made and opened the judgment, or denied the application for that relief; and for that reason were held to be discretionary, and not to affect substantial rights. It was not claimed in either that the motion was not made within the time required, in the observance of due and proper diligence, and for that reason the cases may be regarded as free from all objection in that respect. They may very well have been held

Depew v. Dewey.

not to be properly appealable, without in the least degree affecting the rights of the parties in this case, for the court simply deprived the parties appealing from the orders, of their right to the judgments recovered by them, and the sales made under them, without affecting their right to ultimate redress or disturbing fixed legal rights to property purchased by them. The proceeding included in the order extended no further than could be done in the use of an equitable and ordinary discretion, and was maintained throughout by equitable considerations.

While in the case now before the court the order not only set aside the judgment and sale under it, but beyond that adjudged to the moving defendant all the relief which, in a proper case, would be within the scope of an action in equity to redeem a mortgage; and that, too, after the period within which such an action could be maintained had been determined. Whether such extended relief could be properly administered upon a motion in any case, it is not now necessary to decide; but, assuming that it could, it does not follow that it could be done in a case where the rights of the parties had become fixed, as they were in this instance, under the plain language of the statute of limitations. For, as the relief awarded was the proper subject of an action to redeem, it was within section 97 of the Code of Procedure, requiring an action for relief not before provided for to be commenced within ten years after the cause of action shall have accrued. Before 1870 an exception existed in favor of married women, by which the disability of marriage extended the time to bring such an action for the period of five years; but in that year that exception was repealed (Laws of 1870, chap. 741, § 5), and the repeal rendered applicable to existing cases (id., § 15), which left this case under the unrestricted control of the section referred to, limiting the time for the commencement of the action to ten years from the time the right to do so accrued. This amendment terminated the existence of the exception without any saving clause, and, as a necessary consequence, the time for commencing an action where the period provided by the preceding section had already expired. This was necessarily so, because it left that as the only provision relating to and controlling the case; and that, in plain terms, required the action to be commenced within ten years from the time when the cause of action accrued.

That this provision applies to and controls the time within which an action to redeem a mortgage must now be brought is well settled

by the authorities (*Spoor* v. *Wells*, 3 Barb. Ch. 199, 203; *Hubbell* v. *Sibley*, 5 Lans. 51, and cases cited); and the cause of action accrued, where an action can be maintained against a purchaser of the mortgaged premises, as soon as he enters into possession under the foreclosure sale (*Miner* v. *Beekman*, 50 N. Y. 337), particularly when, as in this case, he enters as purchaser, and no subsisting right of action remains on the debt or the security by reason of its extinguishment by the sale made under the judgment.

Under these circumstances, the right of the plaintiff to the property purchased by him had become of an absolute and indefeasible nature when notice was given of the motion. The policy, as well as the express language of the law, was opposed to all disturbance of it at that time. The rights of the purchaser were of the most substantial nature, and the order divesting him of them was clearly appealable under subdivision 5 of section 349 of the Code. Such rights cannot be within the discretionary authority of a court on motion, when they have been deliberately protected by a formal statute enacted for that purpose. Any other rule would allow the court, upon motion, to defeat the statute of limitations altogether, and deprive parties of the freedom and repose from stale claims and demands which that legislation was designed to secure.

The courts have, therefore, found it to be a duty, where a party has lost his rights by lapse of time under statutory provisions relating to them, to deny motions made for relief after the time for affording the redress claimed has been allowed to expire without any application being made to secure it. Any other course would result in a nullification of the statutes, for it would do by indirect means what in substance the legislature had provided should not be done by any means. *Marston* v. *Johnson*, 13 How. 93; *Fry* v. *Bennett*, 16 id. 385; *Humphrey* v. *Chamberlain*, 11 N. Y. 274; *Wait* v. *Van Allen*, 22 id. 319; *Salles* v. *Butler*, 27 id. 638.

The proceedings in the action on which the judgment was recovered were technically regular, although the summons was not served personally upon the moving defendant, and she had given her husband no direct authority to employ an attorney. He probably supposed his authority to employ an attorney for her to be ample, inasmuch as she had derived the property to be affected by the proceedings through his act, and afterward intrusted it to his control and management; and the attorney prosecuting the action on behalf of the plaintiff had no reason to suppose that any defect

existed in the authority of the attorney who appeared for her in the action. On the other hand, it appears that the proceedings were carried on in good faith, upon the belief that no defect existed in the authority of the person appearing for her. If the motion to be relieved from the appearance had been made in time, it would have been within the discretion of the court whether to interpose, by setting aside the proceedings or not. *Hamilton* v. *Wright*, 37 N. Y. 502; *Foote* v. *Lathrop*, 41 id. 358; *Brower* v. *Nichols*, 42 id. 26. And where the difference between the amount due on the mortgage, and the value of the property as it is indicated by the consideration in the deed, is so inconsiderable, and the probability therefore so decided, that, by a personal service of the summons upon the defendant, the result, so far as the owner of the equity of redemption is concerned, would not have been changed, the court could very well deny the motion, if it had been made within such a period as reasonable diligence prescribed. For that reason it should, under the well-settled rules of practice, have been brought on with all reasonable dispatch, after notice was received of the change that had been made in the defendant's property, resulting from the default made in the payment of the interest due upon the mortgages she in her deed had assumed to pay. This was fairly due to the rights of the purchaser, who possibly could have protected himself against all serious prejudice to his rights if that course had been taken. In order to avoid unnecessary injury to the party relying upon the correctness of the proceedings under which his purchase may be made, motions of this description are required to be brought on as speedily as may be practicable after the discovery of the defect; and for that reason the Code has generally limited the period for such relief upon motions to one year after the party by notice has been apprised of what may have occurred, without his knowledge, to his prejudice. § 174.

The proceeding is one of an equitable nature, and the right to maintain it, therefore, controlled by equitable considerations. Accordingly, full and complete notice cannot be required before the duty to act arises. As in other proceedings of an equitable nature, the notice, which is fairly sufficient to put a person upon inquiry, will be sufficient to create the obligation of subsequent diligence. This is a rule of general application in cases of an equitable character, and, for that reason, properly controlling in proceedings of the description involved in this appeal (1 Story's Eq. Jur. [9th ed.],

Depew v. Dewey.

§§ 400, 401; 2 Parsons on Contr. [5th ed.], 671); where such a notice is stated to be "some notice or knowledge of a fact," which would imply, to a reasonable man, certain other facts, or would lead a person of ordinary caution into an inquiry which would certainly disclose those facts. *Lightbody* v. *North American Ins. Co.*, 23 Wend. 18; *Williamson* v. *Brower*, 15 N. Y. 354.

The notice which the defendant swears she received from her husband, in the summer of 1857 or 1858, was of this description; for she knew that the mortgages were upon the property, and that she had assumed their payment in the deed delivered to her. And when, in addition to that, she was told by her husband that the premises had been sold to pay interest, and that there was no relief, she must have inferred, from those circumstances, that it had been done by some formal proceedings. If she had desired to know any more about them, it then became her duty to make the inquiry. The reason why she did not do so is stated by her to be the fact that she had confidence in the statements of her husband. This concedes the duty which she felt was imposed by the information, while, at the same time, it attempts to excuse the omission. In that respect it is a failure, for her duty required her to inquire, if she had any disposition to place herself in a position to question the validity of the proceedings by which her title had been divested. This was an obligation which the rights of the other party required should be promptly performed, for in no other way could his interests be adequately protected.

By the further statement contained in the defendant's affidavit, it appears that complete knowledge of the proceedings was acquired by her in the summer of 1870, and, after that, she delayed giving any notice of a motion to set them aside until the 6th of October, 1871, a period of over one year. Relief, after such laches, is entirely inconsistent with the existing rules of practice, which require diligence for the purpose of avoiding unnecessary injury to the party who may be prejudiced by setting his proceedings aside. On this account, as well as the effect required to be given to the statute prescribing the period within which such relief, as was awarded, shall be given, the order appealed from should be reversed.

DAVIS, P. J., and BARRETT, J., concurred.

*Order reversed.*