## BOND v. CHARLEEN & LUNN.

1. *SHERIFF'S SALE:* MOTION TO SET ASIDE: APPEAL. No appeal lies from the judgment of the District Court on a motion to set aside a sheriff's sale, that not being, within the meaning of the statute, a final order or judgment.

2. ———: ———: ———. The final order is made on motion to confirm the sale, and when a deed is ordered to be executed. Until such order be made the whole question as to the legality of the sale is open, and it may be controverted by all proper parties.

### *Appeal from Clay County District Court.*

A judgment having been rendered in the court below against the plaintiff, and in favor of defendants, for costs, execution was issued thereon and certain real estate belonging to plaintiff levied on and sold.

Subsequent to the sale, and before any motion for confirmation was entered, plaintiff moved the court to set aside the sheriff's sale for various irregularities assigned.

This motion was overruled by the court, and plaintiff appeals.

*E. W. Miller*, *N. Miner* and *H. A. Copeland*, for appellant.

*Alex. Hughes*, for appellees.

SHANNON, C. J.—The Code of Civil Procedure, section 10, subdivision 3, provides for an appeal from a *final* order, affecting a substantial right, upon a summary application in an action after judgment; and it evidently contemplates a proceeding founded on the judgment, and assuming its validity. By another statute, approved January 10, 1873, chap. 2, (headed "Amendments and Repeals") section 7, subdivision 4, the *final order*, as to the legality and fairness of the return of the sheriff on any writ of execution, is precedent to the further essential order that the officer make to the purchaser a deed of the lands and tenements sold.

When the return of the execution is presented to the court, the Judge must carefully examine the proceedings of the officer, and must be satisfied that the sale has, in all respects, been made in conformity not merely with the provisions of this statute, but, moreover, with all other laws relating thereto.

How otherwise can he make an order for the execution and delivery of a deed? If prior to, or just immediately before confirmation, a motion be made to set the sale aside for any legal reason affecting the validity of the sale, how can he declare that he is satisfied, until he passes upon all such questions? The final order, therefore, in such cases, would seem to be required to be made when the return is duly presented, and not until then; and the final order is, that a deed be made. Until such order be made, (and in this case it has not been made) the whole question, as to the legality of the sale, is open, and it may be controverted by all proper parties.

The appeal is from an order of the District Court, denying a motion of the plaintiff asking that the execution and sale be set aside. If the Judge in refusing the motion, had added that he was satisfied of the legality of the sale, and had ordered a deed to the purchaser, then, perhaps, it might be

Bond vs. Charleen & Lunn.

viewed as such final order in the premises as is appealable.

When the return of the execution shall come before the court, under the statute, then the question as to the necessity of a continuous public advertisement up to the day of actual sale—under a proper construction of the statute on the subject—can properly be raised, together with all other matters touching an examination of the legality and fairness of the sale.

In this case, the land was advertised to be sold on a certain day; but it was not sold on the day thus publicly fixed, but on another day, fourteen days thereafter, during which fourteen days previous to the sale, no advertisement of the day of the sale was upon the court-house door, nor in five other public places; nor was there any advertisement, during that period, in any weekly newspaper.

A statute of Kansas requires, like ours, public notice " for at least thirty days before the day of sale," by advertisement, etc.   It was there held that the notice must be continued up to the day of sale.  (10 Kan.; 170; 12 ibid, 492.)

We state the facts as appearing on the record, without, however, pronouncing any opinion thereon, leaving the solution of the point where it, in the first instance, belongs, and remanding it to that proper stage of the proceedings on which it may be raised for final determination by the District Court. (6 Kan., 427.)

In New York, no appeal lies to the general term, from the decision of a motion to open a sale, under a judgment. (*Kingsland v. Bartlett*, 28 Barb., 480; S. C. 8 Abb., 42)   Nor from an order setting aside a sale in foreclosure.  (*Buffalo Saving's Bank v. Newton*, 23 N. Y., 160.)

There was, therefore, no final order in this case from which an appeal can lie to this court, and the appeal is

DISMISSED.