## N. Y. SUPREME COURT.

### Lockwood agt. McGuire *et al.*

*Judicial sale — when will not be set aside — Laches.*

Mere inadequacy of price, unattended by other circumstances warranting it, will not authorize an order vacating a sale; and so adequacy of price, without strong circumstances demanding it, will prevent an order for a resale.

Where the sale was made in October, 1878, and the motion to set aside the sale was not made until May, 1879:

*Held,* that the party moving to set aside the sale was guilty of such *laches* as would prevent the granting of the motion, especially where the rights of third persons, who are innocent, intervene.

*Special Term, May,* 1879.

Thomas McGuire, one of the defendants, moved to set aside the sale in this action, made under a judgment in foreclosure.    The sale was made in October, 1878, and the motion was not made until May, 1879.

The grounds of the motion were that the property was put up in one parcel, under terms of sale, by which it was to be bought subject to taxes and assessments.

Lockwood agt. McGuire *et al.*

It was alleged that the property sold for an inadequate sum, and that the terms of sale had produced that result. The judgment did not require that the taxes and assessments should be paid, and it was shown, on behalf of the purchaser, that the terms of sale were the best under the circumstances, because there were some assessments which were believed to be illegal and by making the sale, in the form adopted, both the land and the proceeds of sale were relieved from their payment. It was shown that the property brought about its value at the time of the sale, though it was not denied that since then it has somewhat advanced in value. After the purchase a mortgage was made by the purchaser.

*John J. McQuerk*, for motion.

*Mr. Cram*, for mortgagee.

*Albert Cardozo*, for purchaser, in opposition.

BRADY, *J.* — The application to set aside the sale is met with complete answers to all the material facts urged on behalf of the applicant. The sale at the time it took place in consideration of the recent advance in the value of real estate, was a very unfortunate circumstance for him, because he seems to have been pecuniarily unable to protect his interests. It is rendered the more unfortunate, from the fact that a good loan has been made upon the premises for which they were sold, thus giving conclusive evidence that the advance referred to has occurred, and that if the sale had been delayed the disastrous result complained of would not have occurred. This must be the case in numerous other transactions of a kindred character, and it is not within any equitable rule remediable. Assuming that some of the errors urged, as reasons for setting aside the sale were committed, it appears from the preponderating proofs that the lots when sold brought their full value at that time. The applicant's case is not as com-

Lockwood agt. McGuire *et al.*

plete on that subject, perhaps, as it might have been, because he has not arrayed the judgment of real estate dealers on his side as done by his adversaries, and by which he is overcome. The attorney for the plaintiff, who was present at the sale, denies all charges and insinuations of collusion or design or intention to do ought that was irregular, and Farley is equally affirmative in his declarations of innocence of the charge made. The sale of the property in one plot was in accordance with the terms of the decree, which so described it and from which the referee, who asserts his fidelity in the matter, was no doubt justified in selling it in that form; indeed, from the preponderance as to value, it is apparent a sale of all of it was necessary. There is another obstacle in the way of the applicant, and that is the long delay which marks his conduct. He did not seek the aid of this court until months after the sale had been completed and the premises mortgaged by the purchaser to a *bona fide* mortgagee. The *laches* are excused to some extent by the illness of his attorney, but this did not necessarily prevent the application from being made, because another person could have been selected. When the rights of third persons who are innocent intervene, these incidents become significant. The delay, until a rising market occurred, subjects the applicant also to the criticism of originating the application he makes for that reason, a conclusion greatly sustained by the established fact on the weight of evidence that the lots brought their then value at the time of the sale. For these reasons there cannot be a resale ordered. But while this result is expressed, it must be qualified by the statement of an impression that the applicant, under all the circumstances disclosed, deserves a better fate, but he can only get in a court of justice what law and equity prescribe. If he be dissatisfied he can appeal, and, taking the judgment of the higher tribunal, seek the redress which he fails to obtain here. Mere inadequacy of price, unattended by other circumstances warranting it, will not authorize an order vacating a sale, and so adequacy of

price, without strong circumstances demanding it, will prevent an order for a resale. The counsel for the applicant has presented his client's cause in an able and exhaustive brief, which contains a collection of the cases bearing upon the subjects discussed by him, and has shown great zeal, industry and fidelity to his client and the cause advocated, but facts are the great barriers to professional success, and, it must be hoped, always will be. From them spring the invincible rules of law and equity. Motion denied.