“ Lawrence, J.
It is conceded in the petition filed by John A. Boebling’s Sons Company, that the petitioner, immediately after the sale, and within about a week after the 7th of August, 1885, knew of the agreement of that date, and that Stokes repudiated the obligations alleged to have been assumed by him under the reorganization agreement, upon which the petitioner alleges-that it relies, and that upon learning that fact it commenced an action in this court against Stokes, the United Lines Telegraph Company and Townsend and others, the reorganization committee, in which suit the plaintiff claimed to have it adjudged that the said Stokes had made the purchase in trust, under and pursuant to the first reorganization agreement, to have a receiver-appointed, and to have the parties who had acted as trustees thereunder removed from their trust, and the receiver directed to carry out said agreement.
“ It is then averred that from then until now this suit, and also-the suit brought by the petitioner, has stood substantially in statuquo, awaiting further developments; that the agreement of August 7, 1885, has not been carried out, and has been but tentatively executed, no bonds being issued; and the petitioner believes that there is practically no. change of the statu quo, unless because of some action of said Stokes and said United Lines Telegraph Company with regard to third parties, in their own wrong. It is -insisted on the part of the purchaser and of the reorganization committee that, in substance, the first proposition of the reorganization committee was carried out, and that such, changes in the scheme as were made by the agreement of August 7, 1885,, *162 were made in good faith, and for the best interests of all concerned; and, furthermore, that as the petitioner has remained quiet for so long a time without taking any steps to press its suit, or to question the sale, it is now too late to question the validity of the agreement of August 7, 1885, and that it is estopped from asking that the sale be set aside. The allegations contained in the petition are very fully met and denied in the answering affidavits filed on the part of the purchasers, the reorganization committee and the United Lines Telegraph Company, and the cases cited by their counsel seem to sustain the position that the petitioner, having elected by the suit brought by it to ask for a confirmation of the sale, cannot now demand that it be set aside. Depew v. Dewey, 46 How. Pr., 441; Hat Blocking Co. v. Hat Blocking Co., 56 id., 88; In re Flushing Ave., 101 N. Y., 678; Lockwood v. McGuire, 57 How. Pr., 266. I have considered the exceptions filed to the report of the referee by Messrs. Wise and Bill, by the plaintiffs and the purchaser. Inasmuch as the judgment expressly provides that the purchaser may pay in receiver’s certificates, issued in the action wherein Alexander De Haven was plaintiff and the Farmers’ Loan & Trust Company and others were defendants, I do not see how it can be claimed that the referee wonld be authorized to receive any other certificates in payment of the purchase price.
“ It does not clearly appear from the report of the referee how he arrived at the conclusion that the certificates deposited with him by Mr. Stokes, the purchaser, were worth 60¿ per cent on the dollar; nor is the court put in possession of such data as will enable it to determine whether such estimate is correct. For the same reason that receiver’s certificates, other than those issued in theDe Haven suit, cannot, under the terms of the judgment, be received in payment of the purchase-price, the other large claims referred to in the report of the referee as having been presented with the demand that they be allowed in payment of such price cannot be received. It is quite clear, therefore, that the purchaser has not fully complied with the terms of the judgment in respect to the payment of the purchase-price, and according to the figures of the referee there is an amount of $52,991.77 still due on account thereof. This is based upon the assumption that the receiver’s certificates are to be received at the rate of 60í¿ per cent on the dollar, as stated in the report. The counsel for Messrs. Wise and Bill claims that his clients are entitled to a dividend upon this amount at once, but the difficulty in making such an order is found in the fact that the court is unable to determine,, from the report and other papers submitted, whether the rate at which the certificates have been received, on account of the purchase, is correct. As I wish to avoid the necessity of another reference in this matter, counsel may, if they so desire, be heard upon the question of the rate at which such certificates shall be received, and as to the propriety or feasibility of directing the payment of a dividend at the present time. The allegations as to misconduct on the part of the receiver are flatly denied, and I see no reason on the papers for holding that he has not been actuated *163 by a desire to do Ms duty. The order to be entered herein may be settled on one day’s notice. There are a number of other questions discussed in the briefs presented by counsel wMch I do not deem it necessary to pass upon further than is indicated in this memorandum.”
Wheeler H. Pecicham, for app’lt.; Robert G. Ingersoll, for Edward S. Stokes, purchaser; Roger Foster, for other resp’ts.
Per Curiam.
The main facts relied upon as reasons for setting aside the sale in this case were known to the petitioner before the end of August, 1885. This proceeding was not instituted until May, 1887. In August, 1885, the petitioner began a suit against Edward S. Stokes, the purchaser at the sale, and other defendants, the purpose of which was to procure a judgment that Stokes had made the purchase in trust under the first re-organizatian agreement relating to the Bankers & Merchants’ Telegraph Company. The institution of that action was an affirmance of the sale, go far as the petitioner is concerned. Since the petitioner thus elected to have the sale stand, the situation of the other parties to the transaction has materially changed; and we agree with the learned judge at special term, that the petitioner, after having acquiesced in the sale so long, can not now successfully insist that it shall be set aside on account of the irregularities specified in this proceeding.
The order appealed from should be affirmed, with costs.