CHRISTINA FRAAMAN, APPELLEE, v. SWAN N. FRAAMAN, APPELLANT.

FILED APRIL 17, 1902.    No. 11,417.

Commissioner's opinion, Department No. 1.

1. **District Court: JURISDICTION: COLLATERAL ATTACK.** Where a district court has acquired jurisdiction, it has the right to decide every question which arises in the case, and its orders and judgments, however erroneous, can not be collaterally assailed. Such errors can only be taken advantage of by proceedings in error or appeal to this court.

2. **Judgment for Alimony: LIEN ON HOMESTEAD.** A judgment for alimony in favor of a wife, rendered in an action for divorce against the husband, is a lien upon the family homestead, the title whereof is in the husband. *Best v. Zutavern,* 53 Nebr., 604, followed.

3. **Judicial Sale: JUDGMENT DEBTOR'S INTEREST: APPRAISERS.** Where appraisers have been appointed to fix the value of the judgment debtor's interest in land, for the purpose of judicial sale, they have no power, under section 491b of the Code, to deduct or apportion, according to area, liens upon an entire tract for

the purpose of determining the judgment debtor's interest in a distinct parcel of the entire tract.

4. Execution Sale: Adjournment: Code. There is no provision of the Code authorizing an adjournment of an execution sale.

Appeal from the district court for Buffalo county. Heard below before Sullivan, J. *Reversed.*

*Frank E. Beeman,* for appellant.

*Macfarland & May* and *J. M. Easterling, contra.*

Day, C.

On April 5,1898, in the district court for Douglas county, the appellee obtained a decree of divorce from appellant and a judgment for alimony in the sum of $650,—$500 for herself and $150 as an attorney's fee. A transcript of this judgment was filed in the office of the clerk of the district court for Buffalo county, and an execution issued thereon and levied upon certain real estate of the appellant. The premises were appraised, advertised for sale and sold, and the sale confirmed. From the order confirming the sale the appellant brings the case to this court by appeal.

A number of objections, both to the appraisement and the confirmation of the sale were urged, and, as some of them may again arise in the further proceedings of this case, we deem it proper to pass upon them now.

The first objection to the confirmation was that the decree which formed the basis of the sale was a nullity. This contention is based upon the fact that the appellant was not permitted to defend or introduce any evidence in his behalf upon the trial because he had failed to comply with the order of the court requiring him to pay temporary alimony and attorney's fees. Whatever might be the views of this court upon the question thus sought to be raised, had an appeal or error been taken from the judgment of the lower court, it seems clear to us that this question can not now be raised by an objection to the sale. If it was an error of the trial court, advantage of it could

only be taken by a direct proceeding by error or appeal to this court. The rule is well settled that, where a court has acquired jurisdiction, it has the right to decide every question which arises in the case, and its judgment, however erroneous, can not be collaterally assailed. If the appellant felt himself aggrieved by the ruling and orders of the trial court and desired to have them reviewed by this court, he had a plain and adequate remedy by an appeal or error proceeding. He did, in fact, appeal to this court, but dismissed his appeal before the case was reached in its order.

The next objection urged is that the property sought to be sold is the homestead of the appellant. The testimony tends to show that appellant and one of his minor children were occupying the premises as a home. The testimony as to the homestead character of the premises is not very clear. But granting that it were sufficiently established, still the objection would not be good. This court has held in *Best v. Zutavern*, 53 Nebr., 604, that a judgment for alimony in favor of the wife, rendered in an action for divorce, is a lien on the family homestead, the title whereof is in the husband. Chief Justice SULLIVAN, the writer of that opinion, says: "The husband's right to an exempt homestead can not, we think, be asserted against the wife who has been forced by his aggression to leave his domicile, and who, in an action for divorce, has obtained a judgment for alimony against him. The homestead law is a family shield and can not be employed by either spouse to wrong the other. The supreme court of Kansas, under a statute which authorized the court upon granting a divorce to award the wife such share of the husband's real or personal estate as shall be just and reasonable, held that the court has power to award the wife possession of the family homestead, the title of which is in him. (*Brandon v. Brandon*, 14 Kan., 342.) And, in a later case, it was decided by the same court that a decree which was declared to be a lien on all the husband's realty was a valid lien on the family homestead. (*Blankenship v.*

*Blankenship,* 19 Kan., 159.)   The logic of these decisions is that exemption statutes are not designed to protect the husband against the wife's claim for alimony.   To the same effect are the cases of *Mahoney v. Mahoney,* 59 Minn., 347, 61 N. W. Rep., 334, and *Daniels v. Morris,* 54 Ia., 369."

An objection was urged to the appraisement, and particularly to the manner in which the appraisers arrived at the value of appellant's interest in the land.   The levy was made upon 160 acres described in three tracts, as follows: "West half of the northeast quarter and the southeast quarter of the northeast quarter and the northeast quarter of the northeast quarter of section 13," etc.   The certificates of liens furnished by the register of deeds and the county treasurer pursuant to the request of the sheriff showed two mortgages and some unpaid taxes upon the whole quarter section.   In determining the value of appellant's interest in the west half of said quarter section, the appraisers deducted from the gross valuation of said west half an amount equal to one-half the face value of the two mortgages and taxes.   The same method was followed with reference to the two forty-acre tracts in the east half of said quarter section.   In other words, the appraisers apportioned the several liens upon the three parcels of land levied upon in proportion to area.   The only authority the appraisers have for deducting prior liens is that given by section 491*b* of the Code of Civil Procedure, which provides that the appraisers "shall deduct from the real value of the lands and tenements levied on, the amount of all liens and incumbrances for taxes or otherwise, prior to the lien of the judgment under which execution is levied, and to be determined as hereinafter provided, and which liens and incumbrances shall be specifically enumerated, and the sum thereafter remaining shall be the real value of the interest therein of the person, or persons, or corporation against whom or which the execution is levied."   This authority to deduct the amount of all liens does not confer the right on the appraisers to deduct a part of the liens, or apportion them upon the sev-

eral parcels of the entire tract. We think the action of the appraisers in apportioning the liens for the purpose of determining the value of appellant's interest was beyond their power.

Another objection to the confirmation was that the sale was duly advertised to be made on September 26, 1899, at 10 o'clock, but the return shows that it was made on September 27, 1899, at 10˙ o'clock. There is nothing in the record showing an adjournment of the sale, if, indeed, an adjournment could properly be made, and no order of the court was entered with reference thereto. It appears in the briefs that the sale was not made on account of the pending of an injunction, which on September 26 had not been finally determined. There are no statutory provisions for an adjournment of an execution sale either by the court or the sheriff. Section 497 of the Code expressly provides that lands and tenements taken upon execution shall not be sold until the officer causes public notice to be given of the time and place of sale, at least thirty days before the date of sale, and further provides that "all sales made without such advertisement shall be set aside." These provisions of the statute are mandatory, and must be complied with. When the sale did not take place on the 26th, as provided in the notice, it should have been readvertised.

There are a number of other objections urged in the briefs of counsel for appellant, but as they are not likely to occur upon a reappraisement and sale of the property they will not be considered.

We therefore recommend that the judgment of confirmation and the appraisement be set aside, and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of confirmation and the appraisement is set aside, and the cause remanded for further proceedings.

REVERSED AND REMANDED.