## LUMPKIN *v.* CURETON.

CANDLER, J. 1. There is no law in this State which renders a sheriff's sale invalid because made on the fourth day of July. *Hamer* v. *Sears*, 81 *Ga.* 288; *Watson* v. *Mayor etc. of Thomson*, 116 *Ga.* 546.

2. Section 908 of the Political Code is, by its express terms, not applicable to tax sales by a sheriff, where the property is returned for taxes by the defendant in execution, and where the fi. fa. is not against the specific property levied upon, but against the whole property of the defendant named therein.

3. On the trial of an action brought by a defendant in execution, to set aside a sheriff's sale made under the levy of a tax fi. fa., where it was claimed that the levy was excessive, it was competent for the purchaser at such sale to prove by the officer making the levy that the property levied upon was pointed out to him by the defendant and was levied upon under his direction.

4. In such a case it was not error for the court to charge the jury that excessive levy was no ground to set aside a sheriff's sale when the property levied on was pointed out by the defendant in fi. fa.; it not being claimed that the court failed to charge the jury in the same connection that it was a question of fact to be determined by them whether or not the property was so pointed out. *National Bank* v. *Danforth*, 80 *Ga.* 55; *Bank of the University* v. *Athens Bank*, 107 *Ga.* 248.

5. The evidence was sufficient to authorize the verdict, which was approved by the trial judge; and this court, under its well-established practice, will not interfere with the judgment overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Argued November 5,– Decided November 16, 1903.

Equitable petition. Before Judge Fite. Dade superior court. April 11, 1903.

*Lumpkin & Rosser*, for plaintiff.

*W. U. Jacoway* and *R. J. & J. McCamy*, for defendant.