McLAUGHLIN v. HOUSTON-HUDSON LUMBER CO. *et al.*

No. 1268. Opinion Filed January 9, 1912.

(120 Pac. 659.)

1. EXECUTION—Sales—Posting Notices. In sales of real estate upon execution, notice by posting on the courthouse door, and in five other public places, is necessary only where there is no newspaper printed in the county.

2. HOLIDAYS—Sales on Execution—Validity. A sale of lands made by a sheriff on a day not named in the notice is illegal, and should be set aside, notwithstanding the fact that the day named fell on Labor Day, and the sale was held the day following.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the Houston-Hudson Lumber Company and Kennett Hudson against George W. McLaughlin. Judgment for plaintiffs. A motion by defendant to set aside a sale on execution was denied, and defendant brings error. Reversed and remanded.

*Sigler & Howard,* for plaintiff in error.

*Sam H. Butler,* for defendants in error.

DUNN, J. This case presents error from the district court of Carter county. On June 6, 1908, the defendant in error the Houston-Hudson Lumber Company recovered a judgment in a justice of the peace court against the plaintiff in error, a transscript of which was thereafter filed in the office of the clerk of the district court. On August 4, 1909, execution was duly issued thereon, and on October 4, 1909, the plaintiff filed a motion to confirm a sale of certain real estate sold by the sheriff of the county to satisfy the judgment. The return of the sheriff showed that he caused notice of the time and place of the sale to be given for 30 days before the date thereof by advertising in the Ardmore Statesman, a weekly newspaper of general circulation printed in Carter county, that he would on the 6th day of September, 1909, at 2 o'clock p. m., offer the lands and tenements described therein for sale, and that he also posted five notices of the sale, two of which were in the township where the lands were located, and that thereupon he sold the same on the 7th day of September, 1909, to Kennett Hudson who appears as one of the defendants in error in this court. On the day the return was made and filed, the defendant filed his motion to set aside the sale, protesting against the confirmation thereof on substantially two different grounds; first, because the sale was advertised to take place on the 6th day of September, 1909, and the land was not sold until the day following, and the defendant had no notice of any order made postponing the sale, and that the land was sold at a great sacrifice, and was bought by a member of plaintiff's firm; second, because the lands were not advertised as required by law. Thereafter, on a hearing duly

had, the court denied the motion, and in all ways confirmed the sale, from which action of the court this appeal has been prosecuted.

Dealing with these questions in their inverse order and in support of counsel's second contention, it is made to appear that the notices provided for in section 5982, Comp. Laws 1909, were not posted on the courthouse door. It appeared, however, that the advertisement which was made was in a paper printed in the county in which the lands lay, and the rule in such cases appears to be that:

"In sales of real estate upon execution, notice by posting on the courthouse door, and in five other public places, is necessary only where there is no newspaper printed in the county." (*McCurdy v. Baker,* 11 Kan. 111.)

Considering the same, Justice Brewer, who prepared the opinion for the court in the case of *McCurdy v. Baker, supra,* said:

"The questions in this case arise upon the construction of section 457 of the Civil Code. Is notice by posting upon the courthouse door, and in five other public places in the county, required in all cases of sale, or only in those cases where there is no newspaper printed in the county? We think the section may be fairly construed to sustain either view, and it is difficult to suggest reasons why either should be preferred. We shall sustain the latter, and hold that notice by posting is necessary only where there is no newspaper printed in the county."

Counsel's first proposition, however, is one of some difficulty. As a general rule no judicial or execution sale may take place at another time than that fixed by notice of sale, and a sale made in violation of this rule will be vacated or refused confirmation where the irregularity is suggested to the court at the proper time. Freeman on Void Judicial Sales, sec. 30.

"A sale of lands made by the sheriff on a day not named in his notice of sale is illegal, and should be set aside." (*Wheatley et al. v. Terry,* 6 Kan. 427; sec. 5982, Comp. Laws of Oklahoma 1909.)

"There are no statutory provisions for the adjournment of an execution sale in Nebraska, either by the court or the sheriff, and if a sale does not take place as provided by the notice, it

should be readvertised." (*Fraaman v. Fraaman*, 64 Neb. 472, 90 N. W. 245, 97 Am. St. Rep. 650.)

Discussing the proposition, the Supreme Court of Nebraska in the case of *Fraaman v. Fraaman, supra*, said:

"Another objection to the confirmation was that the sale was duly advertised to be made on September 26, 1899, at 10 o'clock, but the return shows that it was made on September 27, 1899, at 10 o'clock. There is nothing in the record showing an adjournment of the sale, if, indeed, an adjournment could properly be made, and no order of the court was entered with reference thereto. It appears in the briefs that the sale was not made on account of the pending of an injunction, which, on September 26th, had not been finally determined. There are no statutory provisions for an adjournment of an execution sale either by the court or the sheriff. Section 497 of the Code expressly provides that lands and tenements taken upon execution shall not be sold until the officer causes public notice to be given of the time and place of sale, at least thirty days before the date of sale, and further provides that 'all sales made without such advertisement shall be set aside.' These provisions of the statute are mandatory, and must be complied with. When the sale did not take place on the 26th, as provided in the notice, it should have been readvertised."

Section 497 of the Code of Civil Procedure of Nebraska, referred to above, is identical with section 5982, Comp. Laws 1909, under which the advertisement and notice given in this case was had, and the general rule seems to be that where the sale of property under execution is postponed, a new notice of sale, having all the formalities of the former notice, should be issued. 17 Cyc. 1249, and cases under note 53. Counsel for plaintiff, however, seek to avoid the force of the doctrine above declared by invoking the provisions of article 5, c. 53, p. 518, Session Laws of Oklahoma 1907-1908 (sections 4065, 4066, Comp. Laws 1909), which reads as follows:

"The first Monday of September of each year is hereby declared a legal holiday to be known as 'Labor Day.'

"The Governor shall issue his proclamation twenty days prior to Labor Day, and each mayor of each municipality shall issue their proclamation ten days before Labor Day."

And in conjunction with section 2957, Comp. Laws 1909, which reads:

"Whenever any act of a secular nature, other than a work of necessity, or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed."

It is sought to bring this case within the operation of these statutes because the 6th of September, 1909, was the first Monday in that month, and hence was a holiday.

The Supreme Court of Nebraska in the case of *Tully, Adm'r, v. Grand Island Telephone Co. et al.*, 87 Neb. 822, 128 N. W. 508, decided in November, 1910, in the discussion thereof said:

"Statutes commanding the suspension of official business upon holidays should be construed so as to prohibit only such acts as are in express terms or by clear implication within the purview of the act. *Whipple v. Hill*, 36 Neb. 720 [55 N. W. 227, 20 L. R. A. 313, 38 Am. St. Rep. 472; 21 Cyc. 445; *Lord v. Gifford*, 67 N. J. Law, 193, 50 Atl. 903]."

There is no provision of law in this state which commands a suspension of official business upon a holiday, or which renders invalid a sheriff's sale made upon a holiday, and sales made on holidays have in other states been upheld. For instance, the 4th of July (*Lumpkin v. Cureton*, 119 Ga. 64, 45 S. E. 729) ; the first Tuesday in November, a holiday in Texas (*Crabtree v. Whitselle*, 65 Tex. 111) ; or on an election day (*King et al. v. Platt, et al.*, 37 N. Y. 155). And the rule generally appears to be that any and all business may be transacted upon a holiday except that which is positively forbidden, and hence we conclude the sale advertised could have been lawfully held at the time fixed in the notice. The time for the sale of this property was not appointed by law or contract for this particular day, and, as it might lawfully have been held thereon, it could not, without notice, lawfully be held at the time it was, and the motion to set aside the sale should be sustained.

It therefore follows that the order of the trial court made thereon is reversed and the cause remanded, with instructions to proceed in accordance with the views expressed herein.

All the Justices concur.