## LEEKLEY et al. v. VICTOR BLDG. & LOAN ASS'N.

No. 21156.   Opinion Filed July 19, 1932.

Harlow A. Leekley, for plaintiffs in error.

Gordon B. Harrison and Stone, Moon & Stewart, for defendant in error.

HEFNER, J.   This is an appeal by Harriett C. and Harlow A. Leekley from an order of the district court of Muskogee

county denying their motion to set aside a sheriff's sale. The sale was had on execution and order of sale issued in a mortgage foreclosure action.

Appellants first contend that the sale is irregular for the reason that no proper oath was administered the appraisers, who appraised the land, prior to the sale. The following oath was administered them:

"I do solemnly swear that I am a householder of said county, and that I will make a true inventory and appraisement of all the property levied on as the property of the defendant Harriett C. Leekley and Harlow A. Leekley, in the above-entitled action, according to the best of my judgment. So help me God."

Section 703, C. O. S. 1921 [O. S. 1931, sec. 450], among other things, provides that the following oath shall be administered to the appraisers:

"If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situated, and administer to them an oath, impartially to appraise the property so levied on, upon actual view; and such householders shall forthwith return to said officer, under their hands, an estimate of the real value of said property."

Appellants urge that the oath administered is insufficient to authorize the appraisal and sale of the land for the reason that it did not contain words that the appraisers would make an impartial appraisal of the land on actual view. It will be observed that the words "actual view" are omitted from the oath. The evidence shows that the appraisers, prior to making appraisement, actually viewed the lands and appraisement was made on actual view thereof. Prior to making an appraisal, the appraisers took an oath that they would make a true appraisal of the land according to their best judgment. We think there was a substantial compliance with the statute in the administration of the oath, and the irregularity in the form thereof is not a sufficient ground to require the sale to be set aside.

It is next contended that the sale should have been set aside for the reason that it took place on Labor Day, a legal holiday, and is therefore void. This contention cannot be sustained. There is no statute in this state prohibiting judicial sales on legal holidays. Such sales are therefore valid. Mc-

Laughlin v. Houston-Hudson Lbr. Co., 31 Okla. 182, 120 P. 659.

Appellants also claim that the consideration for the land sold was inadequate. It was sold for more than two-thirds of the appraised valuation. This court has repeatedly held that inadequacy of consideration alone is insufficient to warrant the setting aside of a sheriff's sale. There was no error in overruling the motion on this ground.

There were three tracts of real estate sold at the sale under three separate and distinct appraisements. The original sheriff's return shows that one of the tracts sold for $225, which was slightly less than two-thirds of the appraised value thereof. On hearing of the motion to set aside the sale, the sheriff filed a motion for permission to amend his return. On the hearing on this motion, it was shown that the actual bid made for the premises was $235, and that the return reciting that the sale was made for a consideration of $225 was a mere clerical error. The trial court permitted the return to be amended in accordance with the true facts. The return, as amended, shows that the land sold for $235, which is slightly more than two-thirds of the appraised value thereof. There was therefore no error in refusing to set aside the sale as to this tract.

In our opinion, there was no sufficient showing to justify the setting aside of the sale, and the trial court committed no error in denying the motion.

The judgment is affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent. CULLISON, J., not participating.