LONG REALTY CO. *v.* FIRST NATIONAL BANK OF VALDOSTA.

GILBERT, J.   1. Levies of fi. fas. for State and county tax of $1082.80, and by the city for $1256, on property valued for State and county taxation at $7000, and for city taxes at $7600, and alleged to be worth $16,000, were excessive and void where it appears that the taxpayer returned real estate, improved and unimproved, including that levied on and sold, valued in excess of $50,000, and consisting of thirty-five or more separate parcels, ranging in value, as shown by tax returns, from one $300 unimproved lot to $7000 or $7600, value of the land sold. There was such variety of separate pieces of property that it should not have been difficult to collect the taxes by making levies on less valuable lot or lots. The facts stated are derived from the petition, which, on demurrer, will be accepted as true. *Jones* v. *Johnson,* 60 *Ga.* 260; *Roser* v. *Georgia Loan & Trust Co.,* 118 *Ga.* 181 (44 S. E. 994); *Planters Bank* v. *Georgia Loan & Trust Co.,* 160 *Ga.* 107 (127 S. E. 413); *McDaniel* v. *Thomas,* 162 *Ga.* 592 (133 S. E. 624); *Thomas* v. *Crawford,* 175 *Ga.* 863 (166 S. E. 437); *Stowe* v. *Birmingham Trust & Savings Co.,* 161 *Ga.* 403 (131 S. E. 44).

2. The fact that the petitioner acquired its interest in the property subsequently to the tax sale will not deprive it of the right to contest the legality of the tax levy and sale. *McDaniel* v. *Thomas,* supra.
          *Judgment reversed.   All the Justices concur.*

          No. 9682.   JULY 13, 1933.   REHEARING DENIED AUGUST 9, 1933.

442

*Harold Hirsch, Marion Smith, W. B. Cody,* and *Bennet & Bennet,* for plaintiff.

*Copeland & Dukes,* for defendant.

NOTE BY THE COURT.—While in no sense intended as censure, attention is called to the specification in the bill of exceptions of unnecessary and immaterial parts of the record, and consequently the inclusion in the record sent to this court of such portions of the record. The sole issue, so stated by the plaintiffs in error, is whether the court erred in dismissing on general demurrer an equitable petition seeking to· cancel tax deeds, on the one ground that the tax levies were excessive. The bill of exceptions improperly specified separate demurrers, as well as separate answers of two defendants, named in the original petition, but which defendants were stricken before judgment, and there is no assignment of error affecting them. Also orders striking these defendants are specified, although no error is assigned thereon. Also a second demurrer filed after amendment of the petition, renewing the general demurrer and adding six grounds of special demurrer, although in the judgment the court expressly states that special demurrers "are not passed upon." These portions of the record can not affect the result. They merely require time to separate the wheat from the chaff, and imposes extra labor on the clerk of the trial court, as well as extra court costs. Incidentally it may also be stated that eight full pages are consumed in showing the filing in the trial court of the several court papers, one full page to show filing for each paper. The only records essential for decision of the case and which

should be certified and sent to this court are: the petition, the demurrer, and the judgment. A mere recital in the bill of exceptions that two designated defendants were stricken from the petition by amendment would have been sufficient. The record would have been reduced more than half had the parts of the record mentioned above been omitted.

## ON MOTION FOR REHEARING.

First National Bank moves for a rehearing in this case, contending that the court overlooked the material fact shown by the record "that Ousley-Winn Company, the defendant in fi. fa., by and through its executive officers, pointed out for levy and sale, to the levying officers, respectively, each of the tracts of land levied on by such officers." It is argued that the fact that the said tracts or parcels of land were so pointed out by defendant in fi. fa. requires a different judgment from that entered, "when given the legal effect to which said fact is entitled under the provisions of sections 1018, 1158, and 6028 of the Civil Code of Georgia of 1910," and the rule announced in *Lumpkin* v. *Cureton,* 119 *Ga.* 64 (45 S. E. 729). The court agrees with movant that the provision of Code § 1158, and the ruling in *Lumpkin* v. *Cureton,* supra, would estop Ousley-Winn Company, who gave in the property for taxation, from making any complaint. Also, it would estop any one claiming under Ousley-Winn Company. In this case, however, neither Ousley-Winn Company nor any one claiming under that company is seeking any relief. The relief is sought by Long Realty Company, who does not claim under Ousley-Winn Company, but from Security Mortgage Company. Both Ousley-Winn Company and Long Realty Company derive title from Harrell, who executed a security deed to the Mortgage Company, thus conveying legal title, and afterwards sold his equity to Ousley-Winn Company. The latter company, according to the record, never owned the legal title. Obviously no act of Ousley-Winn Company can properly estop Long Realty Company from asserting any equitable right. This is especially true under the facts of this case, where it appears that Ousley-Winn Company gave in the property for taxation along with numerous other separate parcels of real estate owned by that company, and subsequently, for purposes of levy of a tax fi. fa., pointed out that property in which they owned only an equity and Security Mortgage Company held the outstanding mortgage, which was sub-

stantially the same in amount as the assessed value of the property as returned for taxation by Ousley-Winn Company. We think it obvious that neither of the code sections mentioned leads to a different result.

It was contended that the court overlooked one other fact, but at the same time the movant admitted: "The misunderstanding of the court with reference to the allegations of the petition in this particular respect might not, of itself, be material."

For these reasons the judgment already rendered is adhered to.

*Rehearing denied. All the Justices concur, except Hill, J., absent because of illness.*