39248. HOLLAND v. CITY OF COLLEGE PARK.

Decided February 28, 1962.

*Preston L. Holland,* for plaintiff in error.

*Griffin Patrick, Jr.,* contra.

BELL, Judge. ■ The plaintiff in error contends, firstly, that the decision of the trial court to dismiss the alleged affidavit of illegality was contrary to law, primarily because the fi. fa. shows on its face that it is void. In support of this argument it is urged that the levy was excessive as the entire property was being sold under a fi. fa. issued in the amount of $277.32, while the property had a value of more than $9,000.

The contention as to excessive levy is without merit.

The assessment was made under an act of the General Assembly entitled "College Park Charter Amendments," Ga. L. 1951, p. 2797, § 13, pp. 2804-5. This amendment to the city's charter authorizes the mayor and council to assess the total actual cost of paving, grading, or other street improvements against the real estate abutting on either side of the street upon which the work is being done. It further provides, "The amount of the assessment on each piece of real estate shall be a lien thereon from the date of the passage of the ordinance providing for the work and making the assessment." Under its terms the mayor and council have full power and authority to enforce the collection of an assessment by execution issued by the city clerk against the real estate and against the owner for the amount assessed, "which execution shall be levied and the property advertised, and sold in the same manner as tax executions are now levied. . ."

The cases cited in support of plaintiff in error's contention that the levy was excessive are neither controlling nor in point. These cases involved tax executions which were for a small portion of the total value of multiple and separable properties against which the executions were attempted to be levied. See *Long Realty Co. v. First Nat. Bank of Valdosta,* 177 Ga. 440 (170 SE 485) where the tax fi. fas. totaling approximately $2,300 were sought to be enforced against thirty-five or more

separate parcels of property valued in excess of $50,000; and *Brantley v. Hicks*, 177 Ga. 812 (171 SE 451), where an attempt was made to enforce a fi. fa. for $300 against several different and distinct parcels of land. These cases are obviously distinguishable from the one before us where the fi. fa is levied pursuant to statutory authority upon a single piece of property.

As the statute makes the assessment a lien upon the property and authorizes a levy against it, the trial court properly refused to consider evidence offered to show the property value exceeded the amount of the fi.fa.

■ The contention by the plaintiff in error that the paving assessments are being arbitrarily assessed at different figures for the separately owned properties involved is contradicted by the record, which shows that each parcel of realty on the street was assessed at $1.73 per property foot.

■ It is apparent to us that the basic contention of the plaintiff in error is that since the property fronts on Austin Street and the paving assessment on Austin Street has been paid, the city is without power to assess his property for paving the street running along the side of his lot on Lee Street. He urges that the portion of his property along which Lee Street runs is not *frontage*, but is "side footage."

The act of the General Assembly amending the charter of the city gives the mayor and council full authority to assess the full cost of improving streets within the corporate limits against the real estate *abutting* on each side of the street "in just proportions to the frontage by the foot of said property." Where, as here, the plaintiff in error's property is located on a corner facing two streets, it is indisputable that the property *abuts* on both streets and has *frontage* on both streets and the assessment for paving is authorized for this *abutting frontage*.

■ The contention that the ordinance was illegally adopted because it was never spread upon the minutes of the governing authority; that it was never legally and properly adopted; and that it was adopted without a proper hearing, is contradicted by the record.

All other assignments of error were not argued and are deemed abandoned.

The trial court properly dismissed the plaintiff in error's alleged affidavit of illegality.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*