## C. A. DUNCAN AND HUSBAND *v.* B. F. ROBERTSON ET AL.

1. MARRIED WOMAN. *Engaged in agriculture. Meaning of "trade or business."* Statute construed.

   Sect. 1780 of the Code of 1871 provided that "all contracts made by the husband or wife, or either of them, for supplies for the plantation of the wife, may be enforced and satisfaction had out of her separate estate; and when a married woman engages in trade or business as a *feme sole*, she shall be bound by her contracts, made in the course of such trade or business, in the same manner as if she were unmarried. And all contracts made by the wife, or by the husband with her consent, for family supplies or necessaries, wearing-apparel of herself and her children, or for their education, or for household furniture, or for carriage and horses, or for buildings on her land or premises and materials therefor, or for work and labor done for the use and benefit or improvement of her separate estate, shall be binding on her, and satisfaction may be had out of her separate property." Under this section, a married woman having a plantation operated for her account cannot be held liable, in respect to such operations, as engaged "in trade or business as a *feme sole.*" The statute contemplated that the "trade or business" of a married woman "as a *feme sole*" should be other than that specifically regulated by it, and the contracts arising out of such "trade or business" were intended to be different from those which she was authorized to make in her capacity as a *feme covert.*

2. SAME. *Action against. Pleading. Averment of separate property. Plea in bar.*

   Where a married woman was sued in an action at law, under sect. 1788 of the Code of 1871, which provided that no judgment should be rendered against her "unless the liability of her separate property be first established," if the

declaration averred the existence of conditions enabling her to validly make the contract sued upon, under sect. 1780, as a *feme covert,* it was not necessary that it should also aver that at the time of the institution of the action she continued to be the owner of separate property liable to the satisfaction of the demand. Where the declaration, in such case, shows a valid contract unperformed, it presents a good cause of action; and if there be any reason why the contract should not be performed or enforced, it must be pleaded in bar.

APPEAL from the Chancery Court of Clay County.

Hon. GEORGE WOOD, Chancellor, by interchange with Hon. F. A. CRITZ.

B. F. Robertson brought an action of *assumpsit,* upon an open account, against C. A. Duncan, a married woman, and her husband. The first four counts of the declaration alleged that the account consisted of supplies for Mrs. Duncan's plantation, family supplies and necessaries, wearing apparel of herself and her children, household furniture for the use of herself and family, and of items for money used to pay for buildings on her land, and for material therefor, and for work and labor done for the use and benefit and improvement of her separate estate; which goods and money were bought and obtained, as was alleged, by her, or by her husband with her knowledge and consent. It was also declared in those counts that at the time the account was contracted Mrs. Duncan owned and possessed a large and valuable separate estate, of realty and personalty, situated in the county where the action was brought; but there was no allegation that she owned and possessed any separate estate at the time of the institution of the action.

The fifth and sixth counts, based upon the same cause of action as those preceding, charged that Mrs. Duncan had been engaged in business as a *feme sole,* in farming and cultivating her plantation, and that the goods and money were furnished to her while engaged in such business, to enable her to cultivate, maintain, and improve her plantation.

The defendants were duly summoned, but failed to appear, and judgment by default was rendered against Mrs. Duncan,

to be satisfied out of her separate estate. Execution was issued and levied upon her lands ; and thereupon she, with her husband, filed the bill in this cause against Robertson and the sheriff to enjoin the sale under the execution, on the ground that the judgment upon which it was founded was void. A temporary injunction was granted. Robertson answered, and then moved to dissolve the injunction. The motion was sustained, and the complainants appealed.

*White & Bradshaw,* for the appellants.

1. The first four counts do not allege that Mrs. Duncan had a separate estate, liable to be subjected to the demand of her creditor.

It is not sufficient that the creditor should allege that the married woman had an estate when the debt was contracted, but he must show, when he seeks to enforce the claim against a married woman, that she has an estate with which the court can deal.

The suit, as has been so frequently decided, is not an action *in personam,* but an action *in rem.* The *res* must exist before a suit can be successfully maintained against a married woman. "In the absence of an averment and proof that a married woman is possessed of an estate, an essential fact is wanting to support a judgment against her." *Dunbar* v. *Meyer,* 43 Miss. 686. "Satisfaction may be had out of her separate estate when the wife's liability is fixed." *Dunbar* v. *Meyer,* 43 Miss. 686.

There being no allegation that Mrs. Duncan had a separate estate when the suit was instituted and judgment rendered, her liability could not be established. The statute says that before judgment can be rendered against a married woman, her separate estate must first be shown to be liable. The allegation of property is necessary in order to give the court jurisdiction. Proceedings against a married woman are actions *in rem.* No personal judgment can be rendered against her. Hence it must be averred and proven that she had a separate

estate when the suit against her was instituted. *Chappin* v. *Harmon*, 46 Miss. 306.

The condition precedent to a right of recovery against a married woman is, that there be a separate estate out of which satisfaction may be had. 46 Miss. 618 ; 52 Miss. 78 ; 51 Miss. 593 ; 54 Miss. 368 ; 56 Miss. 314. Chancery courts will treat her contracts, whether by judgment or otherwise, as enforceable out of her separate estate. 22 Wend. 526 ; 18 B. Mon. 649 ; 16 B. Mon. 247.

2. The statutory power of the husband, empowering him to contract debts binding upon the wife's property for supplies for her plantation, negatives the idea that she can act as a *feme sole* when engaged in farming. Code 1871, sect. 1780 ; *Cook* v. *Ligon*, 54 Miss. 368 ; *Mallett* v. *Parham*, 52 Miss. 921 ; *Wright* v. *Walton*, 56 Miss. 1 ; *Klotz* v. *Butler*, 56 Miss. 333. When the statute speaks of a married woman engaging in trade as a *feme sole*, it evidently has no reference to her farming operations ; for as to them it says : " Satisfaction may be had out of her separate estate." And this clause would be entirely unnecessary if she could act as a *feme sole;* for then any kind of a judgment could be rendered against her, consistent with the facts of the case. When she engages in business as a *feme sole*, she acts independently of her husband. She selects no agents except those that she wills to appoint. Therefore, when her lands are devoted to agriculture, she is to a certain extent under the dominion and control of her husband. He is by statute made her agent. She cannot, in the nature of things, act as a *feme sole.* She cannot prevent her husband from purchasing supplies for her plantation. She is not free to manage and control her plantation ; she labors under the disability imposed by the statute, and her *status* is therein defined. 56 Miss. 6, 335.

But it has been decided that a married woman is not bound personally for supplies for her plantation, and that the action to enforce payment is a proceeding *in rem. Mallett* v. *Parham*, 52 Miss. 921 ; 54 Miss. 368 ; 56 Miss. 1, 333. It is

necessary that the wife should have a plantation before she can be bound for supplies. *Wright* v. *Walton*, 56 Miss. 1. It is not necessary that she have any property when she engages in trade or business as a *feme sole*.

*L. F. Bradshaw*, of counsel for the appellants, argued the case orally.

*Fred Beall*, for the appellees.

The single question in the case is, is the judgment of Robertson against C. A. Duncan void?

1. The counts of the declaration charging Mrs. Duncan as a married woman allege that she owned property at the time of the making of the contract, liable for the debt, but it is not averred that she had the property at the time the suit was instituted, and it is for this reason that appellants claim that no valid judgment could be entered on these counts.

A judgment by default may be taken against a married woman. *Travis* v. *Willis*, 55 Miss. 557–565. In taking a judgment by default against a married woman, it is done upon the principle that, her liability having been alleged to have existed at one time, it is presumed to continue. So, if, as in the declaration of Robertson against Mrs. Duncan, it is alleged that she made a contract which under the law she could make, and at that time she had a separate estate liable to the satisfaction of the debt incurred by such contract, the law presumes that her *status* continues, and if she would avoid a judgment being rendered against her upon such contract, she must come forward and by proper plea aver that she is not *status quo*. And if she does not plead her changed situation, a valid judgment can be rendered against her.

The declaration averred that at the time she made the contract she was the owner of a separate estate out of which satisfaction could be had. Robertson's equity attached to her separate property when he sold her the family and plantation supplies, and he has a right to have satisfaction out of that estate unless she has ceased to be the owner thereof. If she

was not the owner of the property when the suit was instituted, it devolved on her to show it.

2. The fifth and sixth counts in the declaration charge Mrs. Duncan as a married woman engaged in business as a *feme sole,* and that as such she made the contract sued on, in the course of such business.

The averments fully meet every requirement of sect. 1780 of the Code of 1871, as construed by this court. But it is contended that farming is not a " business " in the sense that word is used in the Code, and that a married woman cannot engage in farming as a *feme sole.* I answer this in the language of Chief Justice Simrall in *Netterville* v. *Barber*, 52 Miss. 171. He says : " The primary signification of the latter word (' business ') is ' employment ' — that which employs time, attention, and labor. * * * The idea is that a married woman may engage in trade in the commercial sense, and in other employments which require time, labor, and skill, and shall be bound by her contracts made in the course of such business."

The statute of Massachusetts of 1862 (chap. 198, sect. 1), provides that " a married woman now doing, or hereafter proposing to do business on her separate account shall file a certificate in the clerk's office of the city or town where she does, or proposes to do said business, setting forth the name of her husband, the nature of the business proposed to be done," etc. " In case no such certificate shall be filed, such married woman shall not be allowed to claim any property employed in said business as against any creditors of her husband."

The Supreme Court of Massachusetts, construing this statute, say : " We do not understand that this statute is to be restricted in its application to cases in which a married woman goes into business as a trader, in the ordinary sense of the word, or manufactures goods for sale, or keeps a boarding-house, but that agriculture may be one of those occupations in which she may do business on her separate account within the meaning of the statute." *Snow* v. *Sheldon*, 126 Mass.

332.   The court say further, in that case : " Where a married woman carries on a farm for the support of her family or her husband's family, she is following a separate business which requires the designated certificate." Citing *Chapman* v. *Foster*, 6 Allen, 136 ; *Feron* v. *Rudolphsen*, 106 Mass. 471. The same liberal views have been expressed by this court in *Moorman* v. *Morris*, 52 Miss. 402, and *Netterville* v. *Barber*, 52 Miss. 168.

*Fred Beall* also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

This case presents two new questions, viz. :  1. Whether, under sect. 1780 of the Code of 1871, a wife who had a plantation operated for her account could, in reference to such operations, be treated and held to be engaged " in trade or business as a *feme sole*," in the contemplation of the section ? 2. Whether, in an action at law against a wife and her husband, under sect. 1783 of the Code of 1871, on a contract made by her, not when engaged in trade or business as a *feme sole*, but as a married woman in a state of case provided for by law, it is essential to the validity of the judgment obtained that the declaration shall aver not only the existence of the conditions enabling the woman to make a valid contract, but the further fact that at the time of the institution of the action she continued to be the owner of separate property liable to the satisfaction of the demand.

We answer the question first stated in the negative.   The provision that a married woman may employ her money in trade or business, and that " when a married woman engages in trade or business as a *feme sole*, she shall be bound by her contracts made in the course of such trade or business in the same manner as if she were unmarried," contemplates trade or business other than that specifically regulated by the statute, and contracts distinct from those enumerated in it, as within her capacity as a *feme covert*.   As a *feme covert* she may make certain contracts specified by the statute.   As a

*feme sole* employing her means in trade or business, she may, in the prosecution of that trade or business, contract as if she were not married.  The contracts contemplated in her character as *feme covert* and *feme sole* are distinct things, and it is not admissible to annul the restriction of the statute as to the capacity of a married woman, acting in her prescribed sphere as such as marked by the statute, by treating her as a *feme sole* as to the contracts enumerated by the statute as those which she, as a married woman, may make.  A married woman may make certain contracts enumerated in the statute. If she assumes the character of a *feme sole*, and thus prosecutes trade or business in which she may engage, she ceases to be regarded as a married woman as to contracts made in it.

Responding to the second question stated, we announce that the absence from the declaration on a contract made by a married woman, as such, of an allegation that she had separate property at the commencement of the action, does not render void a judgment against her in such action.  A declaration which shows a valid contract is sufficient, without showing the existence of a state of things which may be necessary to enable the plaintiff to obtain satisfaction of such contract.  We neither express nor intimate an opinion on the question whether a married woman, when sued on her contract, can escape a judgment by showing in defence her changed condition with respect to her separate property, as having none or only that acquired after the making of the contract sued on, and not the proceeds of what she had at the time of the contract. Whatever may be true as to that, if she would avail herself of that she must defend on that ground.  The declaration must show a cause of action.  A valid contract not performed is a good cause of action.  If there is a sufficient reason for non-performance, if there has supervened a reason why it may not be enforced, it must be pleaded as a bar.

Decree affirmed.