Points Decided.

(February 3, 1910.)

JOHN J. HALL, Appellant, v. R. P. CHATTIN et al., Respondents.

[106 Pac. 1132.]

QUALIFICATIONS OF JURORS—CHALLENGE TO JUROR—RELATION OF DEBTOR—BUSINESS RELATION.

1. The word "debtor," as employed in subd. 3, sec. 4380, Rev. Codes, in prescribing the qualifications of jurors, means one who is liable on a contract, either express or implied, or by operation of law to respond to another in money, service, goods or chattels, either in the present or at some future date.

2. Facts of this case examined and considered, and held that under the evidence the jurors did not stand in the relation of debtors to the defendant within the meaning of subd. 3, sec. 4380, Rev. Codes.

3. Under the provisions of subd. 3, sec. 4380, Rev. Codes, disqualifying a person from acting as a juror in a case where the juror is "united in business with either party" to the action, a person who has an agreement with one of the parties to the action whereby one is sinking an artesian well and the other is contingently liable for a part payment of the expense thereof upon failure to procure water, and has signed and executed a promissory note or contract to that effect, the juror and the party litigant are "united in business" within the meaning of the above statute.

4. The word "business" as used in this statute is employed in a general sense, and must therefore have been intended to refer generally to the commercial, industrial and professional enterprises and engagements into which men jointly enter, whether for a brief or considerable length of time. The facts of this case examined, and *held* that two of the jurors were "united in business" with one of the parties defendant within the meaning of the statute.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for the County of Elmore. Hon. Edward A. Walters, Judge.

Action by the plaintiff for damages and to procure an injunction. Judgment for the defendant, and the plaintiff appealed. *Reversed.*

W. C. Howie, for Appellant.

The words "standing in the relation of debtor or cred-
_tor," when used as a disqualification of jurors, imply lia-
bility. (*Melvin v. State,* 121 Cal. 16, 53 Pac. 416; *Fowles
v. Treadwell,* 24 Me. 377, 381; *Cook v. Bartholomew,* 60 Conn.
24, 22 Atl. 444, 13 L. R. A. 452; *Dodson v. Taylor,* 53 N. J. L.
200, 21 Atl. 293.)

Webster's definition is: "That which is due from one per-
son to another, whether money, goods or services; that which
one person is bound to pay to another or perform for his bene-
fit; thing owed; obligation; liability."

Taking this definition in the light of the statutes and the
object thereof, the relation of debtor and creditor existed be-
tween these parties.

L. B. Green, for Respondents.

The fulfillment of the conditions precedent goes to the ex-
istence of the debt.   (1 Daniel on Neg. Inst., p. 87.)

Even had the holder of the escrow delivered the notes,
there would have been no liability (except perhaps in hands
of *bona fide* purchaser), until the conditions (the completion
of the well which must be dry), had been fulfilled. (*Provi-
dent Life etc. Co. v. Mercer Co.,* 170 U. S. 593, 18 Sup. Ct.
788, 42 L. ed. 1156; *Long Island etc. Co. v. Columbus etc.
Ry. Co.,* 65 Fed. 455.)

AILSHIE, J.—This is an appeal from the judgment and
order denying a motion for a new trial.   The only question
presented is the action of the court in denying and over-
ruling challenges made by the plaintiff to two jurors.   The
jurors, Meserole and Hronek, were challenged by counsel
for the plaintiff as follows: "I challenge the juror for the
reason of implied bias that his answers show that he is as-
sociated with the defendant, Chattin, in a joint enterprise—
associated with him in business, and for the reason that his
answers show the relation of debtor and creditor exists, that
he is indebted to the defendant Chattin."   The answers of
the jurors on their *voir dire* examination show that the two

jurors and one Johnson and the defendant Chattin owned desert lands in the same locality, and apparently the lands were all in one body. They had entered into an agreement whereby the jurors, Meserole and Hronek, had executed their promissory notes in favor of the defendant Chattin, each in a sum equal to $2 per acre for each acre of land owned by the party executing the note, and placed the same in escrow in a bank. This was accompanied with an escrow agreement to the effect that Chattin should sink an artesian well and that if he should strike water before reaching a given number of feet the notes should thereupon be returned to the makers, but that if he failed to strike water before reaching the specified number of feet then and thereupon the notes should be delivered to Chattin.

The juror, Meserole, stated the situation as follows: "I put up a note in escrow, if I put up the money it is in escrow at the bank on this condition, if the well went a certain number of feet without water, we are to forfeit this note or this money, and if they strike water Mr. Chattin pays for the water in the well and pays for the digging of it." The juror, Hronek, stated the condition as follows: "They are sinking the well, Chattin and Johnson, and we are putting up $2 per acre in escrow in the bank by note, that if the well gets a certain depth without striking water we pay it; where if they strike the water before getting that depth, Chattin and Johnson take the well without any expense to us. If they fail to get water inside of a certain depth, we pay them so much to know that there is not artesian water at that depth."

The contention is made by the appellant that these jurors were disqualified under the provisions of subd. 3, sec. 4380 of the Rev. Codes, on two grounds: First, that they were united in business with the defendant Chattin; and second, that they stood in the relation of debtors to the defendant Chattin. Sec. 4380 of the Rev. Codes provides, among other things, as follows:

"Challenges for cause may be taken on one or more of the following grounds: . . . .

"3. Standing in the relation of debtor or creditor, guardian and ward, master and servant, employer and clerk, or principal and agent to either party, or being a member of the family of either party, or a partner, or united in business with either party, or surety on any bond or obligation for either party; . . . ."

Under the facts of this case, we do not think the jurors were debtors of the defendant Chattin within the meaning of the foregoing statute. It will be observed that at the time this trial took place there was no existing debt or obligation either due or owing from the jurors to the defendant. The note was in escrow, and its delivery to the defendant and becoming a binding and existing obligation was dependent upon the happening of a future event; if that event failed to happen, then the note was to be surrendered to the makers. A debtor within the meaning of this statute is one who is liable on a contract, either express or implied, or by operation of law, to respond to another in money, service, goods or chattels, either in the present or at some future date. The Standard Dictionary says a debtor is "one from whom something is due to another, as money, service, or goods." We do not think, however, that it is necessary that it shall be due in the sense that it is then collectible, but it must be an outstanding obligation, which if not due at the time will certainly become due at some future date. (See 13 Cyc. 425; 2 Words and Phrases, 1891.)

Upon the other question raised, there is some difficulty. These people were associated together for the doing of a certain piece of work under contract. The defendant Chattin was to do all the work, and in that respect the jurors were not individually interested, but for the payment for such service they were contingently liable. They were jointly interested in the enterprise. If it proved to be an unsuccessful experiment, then the jurors would be liable to the extent of $2 per acre for every acre of land they owned, while if it proved to be a successful experiment and the drilling of the well should strike a flow of water, then they would not be liable. Any view we may take of it, it still remains a

fact that they were engaged in an experiment or venture which entailed labor and the expenditure of money, and at the very least subjected the parties to a contingent liability. They were all interested in the success of the experiment and would all suffer from its failure. This, we think, brought them within the provisions of subd. 3 of sec. 4380 above·quoted. They were in a sense "united" in this "business" project, enterprise or experiment.. It will be observed that this statute contemplates something of a business nature or character other than that embraced in a partnership. The statute specifically excludes a member of a partnership, and then proceeds—"or being united in business with either party." The word "business" is a very comprehensive term and has many synonyms (see Standard Dic.). As used in this statute, it must have been intended to refer generally to the commercial, industrial and professional enterprises and engagements into which men jointly enter, whether for a brief or considerable length of time. (1 Words and Phrases, 915.) Now, the statute does not say what kind of "business" or what nature of business is contemplated. We must, therefore, give it a general meaning. The purpose and intent of the statute is apparent. The legislature intended to exclude from juries all persons who are united or engaged in any business with either of the parties litigant. It was evidently not thought wise or in the interests of justice to have a man's business associate act as a juror in a case where his business, moneyed, or other interests· are at stake. This might be a case in which the rendition of a judgment as prayed for against the defendant would make it impossible for him to carry out his part of the contract he has with these jurors and sink the well as stipulated. If, on the other hand, the transaction had passed to the stage of an indebtedness on the part of the jurors, the "business" side of the transaction would be closed. The challenges to these jurors should have been sustained on the ground stated.

The judgment is *reversed* and cause remanded, with direction to grant a new trial. Costs awarded to appellant.

Sullivan, C. J., and Stewart, J., concur.