AMERICAN AUTOMOTONEER CO. et al. v. PORTER.

(District Court, E. D. Michigan, S. D.    January 31, 1913.)

No. 4,033.

**1. TRIAL (§ 92*)—TAKING OF PROOF—TIME—REBUTTAL TESTIMONY TAKEN WITHOUT TIME.**

Complainants having completed their proof on March 1, 1912, the last day for taking testimony under the general equity rule, time was extended, by stipulation, until May 15, 1912, for the taking of defendant's testimony. Neither side moved to extend the time, nor was any order made extending the same, and both sides assumed that the time for taking testimony under the rule would be extended without securing a formal order, and they proceeded on such assumption. No motion was made to apportion the time, and complainants proceeded, after the taking of defendant's testimony, to take testimony in rebuttal. *Held*, that a motion, not made until nearly two months after the rebuttal testimony was taken, to strike it from the record because not taken in time, would not be granted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 245, 252; Dec. Dig. § 92.*]

**2. COURTS (§ 363*)—FOLLOWING STATE LAWS—TAKING TESTIMONY ON HOLIDAY.**

That rebuttal testimony in a suit for a patent infringement was taken in Pennsylvania on a legal holiday under the laws of that state was not ground to expunge such evidence, since the statutes of Pennsylvania, relative to legal holidays and the taking of testimony on such days, are not binding on the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939-949; Dec. Dig. § 363.*]

**3. PATENTS (§ 328*)—ELECTRIC CONTROLLER—CLAIMS—VALIDITY—INFRINGEMENT.**

Weyand reissue patent No. 12,744, January 28, 1908, for an electric motor controller regulator, claims 1 and 2, *held* valid and infringed by defendant.

**4. PATENTS (§ 328*)—ELECTRIC CONTROLLER—CLAIMS—VALIDITY—INFRINGEMENT.**

Weyand reissue patent No. 12,744, January 28, 1908, for an electric motor controller regulator, claim 11, *held* anticipated by Asbury patent No. 654,700, July 31, 1900, and therefore void.

**5. PATENTS (§ 328*)—ELECTRIC CONTROLLER—CLAIMS—VALIDITY—INFRINGEMENT.**

Weyand reissue patent No. 12,744, January 28, 1908, for an electric motor controller regulator, claim 25, *held* anticipated by the Barrett patent No. 770,886, September 27, 1904, and is therefore void.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. PATENTS (§ 328*)—ELECTRIC CONTROLLER—CLAIMS—VALIDITY—INFRINGE-
MENT.

Weyand reissue patent No. 12,744, January 28, 1908, for an electric
motor controller regulator, claim 29, *held* not anticipated, and, no inter-
vening rights having accrued between the granting of the original Wey-
land patent No. 810,240, January 16, 1906, and the application for re-
issue, March 17, 1907, and being covered in the drawings and specifica-
tions of the original patent, is valid and infringed by defendant.

7. PATENTS (§ 328*)—ELECTRIC CONTROLLER—CLAIMS—VALIDITY—INFRINGE-
MENT.

Weyand reissue patent No. 12,744, January 28, 1908, for an electric
motor controller regulator, claim 30, *held* anticipated by the Barrett
patent No. 770,886, September 27, 1904, and therefore void.

In Equity. Action by the American Automotoneer Company and
another against Joseph Y. Porter, doing business under the name and
style of the Porter Manufacturing Company and the Porter Railway
Switch Company. On motion to expunge complainants' rebuttal evi-
dence and on final hearing. Motion to expunge denied and decree for
complainants, without costs.

Charles N. Butler, of Philadelphia, Pa., for complainants.
R. A. Parker, of Detroit, Mich., for defendant.

### On Motion to Expunge.

TUTTLE, District Judge. Defendant moves to expunge from the
records of this case the deposition taken in behalf of complainants
in rebuttal, assigning as grounds therefor numerous objections, none
of which the court considers good. Two of these objections, however,
deserve attention:

[1] 1. The proofs in rebuttal were taken on May 30, 1912, pursu-
ant to notice given by complainants' counsel. Defendant was not rep-
resented at the taking of the deposition. The time for taking testi-
mony under the general equity rule had expired on March 1, 1912, and
by stipulation had been extended to May 15, 1912, for the taking of
testimony by defendant. Neither side had moved to extend the time,
and no order was ever made by the court extending the time, even
for the period mentioned in the stipulation. The court is satisfied that
solicitors on both sides of this suit had assumed that the time for
taking testimony under the general equity rule would be extended
without securing a formal order from the court, and that they pro-
ceeded on that assumption. Complainants completed their proofs on
March 1, 1912, the last day under the rule, and no objection was made
by them to the taking of testimony by the defendant after the expira-
tion of the three months. Defendant's testimony was taken between
March 1, 1912, and May 15, 1912, and was returned and filed June
1, 1912. Neither side had moved to apportion the time, and it seems
to have been the understanding between the parties that complainants
should have an opportunity to offer evidence in rebuttal. Complain-
ants took the testimony in rebuttal promptly after defendant had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

closed his proofs. Under the circumstances in this case the court would have granted a motion to enlarge the time sufficiently to cover the period during which the rebuttal testimony was taken. The motion to suppress was not made until nearly two months after the rebuttal testimony was taken, which the court considers too great delay. It would not be equitable to deprive the complainants of the benefit of this testimony.

[2] 2. The rebuttal testimony was taken in the state of Pennsylvania on May 30, 1912, which is a legal holiday under the laws of that state. The statutes of the state of Pennsylvania, relative to legal holidays and the taking of testimony on such days, would not be controlling in this suit, and would not be grounds for expunging this testimony. There is nothing in the law which would have prevented this court from being in session on that very day and taking the testimony in open court, and it cannot be said that the testimony is useless and void because it was taken on a day made a holiday by the laws of the state in which it was taken. Moreover, it has been held by the state courts of Pennsylvania that judicial acts may be performed on days designated as legal holidays. Paine & Co. v. Fesco & Co., 1 Pa. Co. Ct. R. 562; Worthington v. Hobensack, 8 Pa. Co. Ct. R. 65. The court has therefore considered the case and will dispose of it on the entire record, including the testimony taken in rebuttal.

## On Hearing.

[3] The defendant's device (Porter patent No. 995,091, June 13, 1911) is almost identical with that of complainants (Weyand reissue patent No. 12,744, January 28, 1908). It accomplishes the same purpose and in the same way. If there is anything new about the defendant's device, it is something added to the invention of complainants. The defendant's device makes use of every principle involved in the complainants' device. The six claims of complainants' patent in issue can all be read directly and exactly on defendant's device. It therefore remains only for the court to consider whether the six claims of the Weyand reissue patent, upon which complainants rely, are valid. The court holds as follows relative to these six claims:

Claims 1 and 2 had not been anticipated, are valid and are shown to have been infringed by defendant.

[4] Claim 11 was anticipated by the Asbury patent (No. 654,700, July 31, 1900), and is void.

[5] Claim 25 was anticipated by the Barrett patent (No. 770,886, September 27, 1904), and is void.

[6] Claim 29 had not been anticipated. No intervening rights of any kind had accrued between the granting of the original (Weyand patent No. 810,240, January 16, 1906) and the application for reissue (March 17, 1907). This claim was covered in the drawings and specifications of the original patent. It is shown to have been infringed by the defendant.

[7] Claim 30 was anticipated by the Barrett patent (No. 770,886, September 27, 1904), and is void.

Complainants are therefore entitled to the relief prayed for in the bill of complaint; but, inasmuch as all of the claims upon which complainants rely are not sustained, the decree will be without cost to either party.