## GARNER v. TULSA BLDG. & LOAN ASS'N.

No. 18355. Opinion Filed June 19, 1928.

(Syllabus.)

**Holidays—Validity of Sheriff's Sale on General Election Day.**

Section 3546, C. O. S. 1921, providing, inter

alia, that every day on which an election is held throughout the state is a holiday, does not render invalid a sheriff's sale, regular in all other respects, made on such holiday, since there is no provision of law in this state which commands a suspension of official business on such holiday.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by Tulsa Building & Loan Association against M. D. Garner. Judgment for plaintiff, and defendant appeals. Affirmed.

E. G. Wilson and R. C. Searcy, for plaintiff in error.

Abbott & Rodolf, for defendant in error.

BENNETT, C. On March 30, 1926, Tulsa Building & Loan Association, defendant in error, obtained judgment in district court of Tulsa county, Okla., against M. D. Garner, plaintiff in error, in the sum of $19,526.69, with interest thereon at ten per cent. per annum, from January 15, 1925, and $2,000 as attorney's fee. Said judgment also provided for foreclosure of a real estate mortgage covering lot 6, in block 11, Central Park addition to the city of Tulsa, Tulsa county, Okla., according to the recorded plat thereof.

The said judgment secured as aforesaid was declared to be a first lien upon said real estate, subject only to a small mechanic's lien, which was, before the matters herein complained of, settled and discharged. The parties will be referred to as they appeared in trial court.

On October 1, 1926, more than six months after judgment, defendant being in default, an order of sale issued out of said court and in said cause in obedience to which said property was advertised and sold by the sheriff of Tulsa county, Okla., on the 2nd day of November, 1926, to Tulsa Building & Loan Association, plaintiff, for $20,000. A regular return of sale was made by the sheriff and a motion was filed by plaintiff to confirm sale. Defendant filed in writing his objections to confirmation of sale upon the following grounds: (1) That said sale was not advertised according to law; (2) that said sale was made upon a legal holiday, to wit, election day, over the protest and objection of plaintiff in error; (3) that said sale is illegal and void for that the property therein described was sold without appraisement; that said order of sale was issued out of the district court of Tulsa county in an action in which M. D. Garner was plaintiff and Lillie Dawes et al. were defendants,

consolidated with the case of Tulsa Building & Loan Association v. M. D. Garner et al., when in truth and in fact, the judgment of Lillie Dawes had been paid and satisfied prior to the issuance of said order of sale as was well known to said Tulsa Building & Loan Association.

Upon the hearing by the court of motion to confirm, certain evidence was introduced by defendant, the substance of which is as follows: That defendant, who is a building contractor, had owned the property sold since 1914; that the same was worth $35,000 to $40,000.

Cross-examination: Witness has never been in the real estate business; had some loan men look over the property more than a year ago; does not know their names now, but they were located in the Kennedy Building. Witness bought the lot and built the house and constructed the building on same.

"Q. Why didn't they (Building & Loan) renew it (mortgage) if it was worth $40,000? A. I signed up a contract with Judge Riddle. I went to the mountains. I haven't any family."

Judge Riddle was to finance and get this matter back on its feet. Witness was two months behind when he signed up with the Exchange Trust Company to collect the rent and keep the loan up, and does not think he (witness) ever paid a dime on it, and when suit was brought Exchange Trust Company was appointed receiver.

"Q. Is there a second mortgage on this property? A. Yes, sir. Q. How much is that? A. I forget now. $3,200, or something."

Witness made a deed and the grantee was to assume this indebtedness. This deed was later declared a mortgage by court. Later, witness gave another deed to the property with the understanding that vendee would take care of this indebtedness, but vendee fell down. There is attached to defendant's objection to confirmation his affidavit to the effect that the property was sold over his protest on November 2, 1926; that he had conveyed the property to Lillie Dawes upon her agreement to pay said judgment, and, further, that a day or two before the sale date Mr. Dudley, a deputy sheriff of Tulsa county, who was in charge of the sale, notified defendant that said sale would not take place on November 2, 1926, by reason of the fact that it was a legal holiday, and that defendant so advised certain prospective purchasers, who failed to attend and also the affidavit of O. R. Bradwell to the effect that he was informed by telephone from the sher-

iff's office that the sale would not take place on said date and for that reason he was absent from the sale. At the close of this testimony the court confirmed the sale from which defendant appeals to this court for review.

In the brief of defendant three assignments of error are set out: (1) The order of the court confirming sale is contrary to law; (2) the order of the court in confirming said sale is contrary to the evidence; (3) the court erred in overruling defendant's motion for new trial.

In the brief of defendant his argument is addressed to one point alone: That the sale of said property made on election day, November 2, 1926, was void, and we shall therefore treat the other alleged errors as waived. Mires v. Hogan, 97 Okla. 130, 222 Pac. 985; Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018. In support of his contention defendant cites section 3546, C. O. S. 1921, providing that certain days, including the days on which an election is held throughout the state, are legal holidays, and section 3551 to the effect that all other days than those mentioned in this chapter as holidays are deemed to be business days for all purposes, and argues that no citizen can be required to perform any act of business, or to accept or abide by any business done on such days without his consent or concurrence; and that, since this is a matter of common understanding, this interpretation should be controlling.

Section 3546, C. O. S. 1921, designates Sunday, the 1st of January, the 22nd day of February, the 4th of July, the 25th of December, the 30th of May, and every day on which an election is held throughout the state and every day appointed by the President of the United States or by the Governor of this state for a public fast, thanksgiving, or holiday, as holidays. But we have found, and have been referred to, no provision of law in this state which commands suspension of official business upon holidays.

The general operation and effect of a statutory designation of a holiday may be found in 29 C. J. p. 762, par. 3:

"In General. A legal holiday other than Sunday has effect as a holiday only as to those acts and transactions which are designated in the statute establishing the day. Accordingly, it is held that with the exception of matters concerning which the statute provides that the day shall be treated as Sunday, any act done on that day is as effective as if done on any other day." (Cit-

ing Adams v. U. S., 42 Ct. Cl. 192; Wood v. State, 12 Ga. A. 651, 78 S. E. 140; Boone v. Gleason, 4 Ky. L. 1001; Handy v. Maddox, 85 Md. 547, 37 Atl. 222; Glenn v. Eddy, 51 N. J. L. 255, 17 Atl. 145; Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356; Latta v. Catawba Elec. Co., 146 N. C. 285, 59 S. E. 1028.)

"A board of county commissioners can, on the first Monday of September, Labor Day, legally consider and act on a petition for a public road." Canady v. Hull (Kan. 1919) 181 Pac. 121.

The court says in the body of the opinion:

"The statute making the first Monday in September a legal holiday neither expressly nor impliedly prohibits any court or officer from acting on that day."

In the case of Lumpkin v. Cureton, 119 Ga. 64, 45 S. E. 729, it is held that under the statute making July 4th a holiday, a sheriff's sale is not invalid because made on that day. Citing Watson v. Mayor, etc., of Thompson, 116 Ga. 546, 42 S. E. 747, 59 L. R. A. 602, and Hamer v. Sears, 81 Ga. 288, 6 S. E. 810.

In Latta v. Catawba Electric & Power Co., 146 N. C. 285, 59 S. E. 1028, supra, involving the opening and allowance of depositions, the 16th paragraph of the syllabus is:

"Whatever the statute does not prohibit from being done on a legal holiday may be done, and the legality of such acts cannot be measured by the legal status of Sunday."

"Our statute does not create of holidays dies non juridicus." Michel v. Boxholm Co-Op. Creamery Co., 128 Iowa, 706, 105 N. W. 323.

"The mere fact that the Legislature has declared a day other than Sunday to be a legal holiday does not make such day dies non." Griffith v. Vicksburg, 102 Miss. 1, 58 So. 781.

The following proceedings performed on holidays were held good: A default judgment entered on the Fourth of July (Russ v. Gilbert, 19 Fla. 54). A judgment entered on Labor Day (Logan v. Ballard, 61 W. Va. 526, 57 S. E. 143). The sitting of court on Good Friday (Hannum v. Worrall, 2 Del. Co. [Pa.] 49). Taking testimony on May 30th (American Automotoneer Co. v. Porter, 205 Fed. 105). A verdict received on Sunday (State v. Varnado, 126 La. 732). A judgment rendered on Decoration Day (Gehring v. Pfrommer, 1 Marv. [Del.] 336). Hearing motion to revive judgment on Thanksgiving Day (Selders v. Boyle, 5 Kan. A. 451, 49 Pac. 320). An election to determine a proposed municipal corporation (People v. Loyalton, 147 Cal. 774, 82 Pac. 620). An ordi-

nance of a town adopted on a legal holiday (Boone v. Gleason, 5 Ky. L. 169). A publication of notice of a school bond election (Carr v. Wakonda Ind. Consol. School Dist. No. 1 [S. D.] 182 N. W. 626).

The court, in Lloyd v. Grady (Mo.) 180 S. W. 1032, holds:

"But there is no statute prohibiting the holding of court upon other statutory holidays, and in the absence thereof, such days, not being dies non juridicus, must be included in computing the period for filing motions for a new trial." (Citing Stewart v. Brown, 112 Mo. 171.)

29 C. J. p. 767, par. 11, says:

"As in the case of other transactions, the validity vel non of official acts performed on a legal holiday depends on the terms of the statute. The mere designation of a day as a holiday does not invalidate a sheriff's sale." (Citing cases from Georgia, New Jersey, New York, Pennsylvania, and Texas.)

These authorities seem to be approved in principle in McLaughlin v. Houston-Hudson Lumber Co., 31 Okla. 182, 120 Pac. 659.

The case last named, referring to the cases of Lumpkin v. Cureton, supra, Crabtree v. Whiteselle, 65 Tex. 111, and the case of King v. Platt (an election day case) 37 N. Y. 155, uses these words:

"And the rule generally appears to be that any and all business may be transacted on a holiday except that which is positively forbidden, and hence we conclude the sale advertised could have been lawfully held at the time fixed in the notice. The time for the sale of this property was not appointed by law or contract for this particular day, and, as it might lawfully have been held thereon, it could not, without notice, lawfully be held at the time it was, and the motion to set aside the sale should be sustained."

These authorities pass upon the determinative questions of law presented in this case. There was some proof introduced in the case for the purpose of showing that a would-be purchaser did not attend the sale because of information received from the deputy sheriff. It should be observed in this behalf that the affidavit of such party did not indicate that he would have paid more than the property actually brought at the sale. Defendant in his affidavit sets out that he was misinformed as to the sale by the deputy sheriff who was conducting the sale.

"Parties interested in a judicial sale have no right to rely upon an agreement made with the officer, whose duty it is to conduct the sale, to the effect that the officer will notify said party of the exact time at which the sale will be made; but all parties must rely upon

and be governed by the notice given of the time, place, and manner of sale, duly published as required by law." Dickinson-Reed-Randerson Co. v. Markley, 117 Okla. 17, 244 Pac. 754.

No very serious attempt is made to show that the property sold for an inadequate price, even if this question were now before us. The defendant seems to have made two efforts to dispose of the property, and his grantees and also the second mortgagee all failed to protect the property from this first lien, and the court, before whom the proof was taken upon proper evidence, found, as a fact, that the price was not inadequate.

There is no challenge of the regularity of the procedings other than the one here passed upon.

For the reasons given, the judgment of the trial court is affirmed.

DIFFENDAFFER, HALL, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 767, §11.