**Sophie Blinder, Plaintiff in Error, v. United States Casualty Company, Defendant in Error.**

**Gen. No. 34,077.**

Opinion filed April 28, 1930.

TELLER, LEVIT, SILVERTRUST & LEVI, for plaintiff in error; GEORGE A. GORDON, of counsel.

MOSES, KENNEDY, STEIN & BACHRACH, for defendant in error; HERBERT H. KENNEDY and ALBERT LANGELUTTIG, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit upon a policy of insurance covering residence burglary and theft at 832 Leland Avenue, Chicago, claiming indemnity by reason of an alleged loss of jewelry valued at $5,230. Upon trial by the court it was held that she was not entitled to recover. By this writ of error she seeks the reversal of the adverse judgment.

The policy of insurance provided among other things that the company should not be liable for any loss "If the premises are used in whole or in part . . . for any business or professional purpose unless it is so stated in statement No. 5 of the Declarations." Statement No. 5 of the Declaration reads: "No part of the premises . . . is used for any business purposes . . . except as follows: no exception."

The decision of the case turns upon a question of fact as to whether, as claimed by the defendant, the apartment at 832 Leland Avenue was used for business purposes. After considering the somewhat variant testimony, we hold that the trial court properly found that the premises were used for business purposes and consequently were not covered by the policy.

The husband of plaintiff, Herman Blinder, was engaged for a number of years in the retail furniture business and was secretary and treasurer of the Blinder Furniture Company. His wife was vice president and his son Abe Blinder was president. All of the stock was held by the Blinder family. They had a place of business at 6910 Cottage Grove Avenue. They had been living at 832 Leland Avenue nearly four years at the time of the burglary. There is abundant evidence that the business of selling furniture was carried on from the apartment where they lived. Herman Blinder inserted advertisements of furniture in 265 weekly and daily newspapers published within a radius of 100 miles of Chicago. A typical advertisement read: "Chance for young couple—will take $550 for all—cost $3,000 4 months ago." Then followed a detailed list of household furniture; the address given was 832 Leland Avenue, one block east of Sheridan Road, Chicago; 'phone Sunnyside 6190. The application for this telephone number purported to be made by Henry Waller. Herman Blinder first denied that the application card for this telephone number was signed by him, but subsequently admitted that the application was in his handwriting and explained that the fictitious name "Henry Waller" was used "for a telephone purpose" because the newspapers of Chicago "got after furniture dealers selling furniture from homes." The scheme seemed designed to mislead purchasers into believing that they were buying second-hand furniture at a reduced price.

The maid employed by the Blinder family testified, in substance, that the furniture was continually going in and out of the Blinder apartment. To the same effect was the testimony of the janitor, who testified that he had seen moving vans come to the house and take furniture away and that strangers came to the premises inquiring where the people lived who had furniture for sale, and they were directed to the Blinder apartment. On their mail box were the words, "Furniture for Sale." The janitor's testimony indicates that the furniture was usually stored in the basement and when furniture was sold out of the apartment it was replenished from the stock in the basement. There was also in evidence an estimate by an advertising agency given to Mr. Blinder of 832 Leland Avenue, Chicago, for a 42 line advertisement in 40 newspapers. The estimate was a little over $300. This would indicate that the extent of the business carried on at this number was considerable.

Carrying on a "business" has been defined as that which occupies the time, attention and labor of men for the purpose of a livelihood or profit. *Flint v. Stone Tracy Co.,* 220 U. S. 107; *Cuzner v. California Club,* 155 Cal. 303; *Territory v. Harris,* 8 Mont. 140. The evidence convinces that the premises in question were used in part for the business of the retail sale of household furniture, and as the policy by its express terms did not cover such premises, there cannot be a recovery in this case.

The judgment of the trial court was proper and is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.