STATE ex rel. SIZEMORE et al. v. STATE ELECTION BOARD.

No. 34622.   April 25, 1950.

217 P. 2d 805.

Delmer L. Stagner and Thomas E. Baker, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for defendant.

ARNOLD, V.C.J. The petitioner asks this court to issue a writ of mandamus to the State Election Board compelling it through its secretary to revoke the previous notice sent to the secretaries of the county election boards notifying them that the regular primary election would be held on July 4, 1950, and to transmit written notice to them that such election shall be held on July 5, 1950.

On March 30, 1950, the secretary of the State Election Board notified all county election board secretaries that:

"Pursuant to the provisions of Title 26, Section 114, O. S. 1941, you are advised that a regular primary election will be held throughout the State of Oklahoma on July 4, 1950, for the Democratic and Republican Parties, for the nomination of candidates of said parties for the following named state, Federal and county offices: . . ."

The petitioner contends that:

"The Legislature has provided that the primary election shall be held on the first Tuesday in July of each even numbered year, except when such date is a holiday, in which case, it shall be held on the next succeeding business day. Such date in 1950 is July the 5th."

Under this proposition he argues that 26 O. S. 1941 Supp. §113, adopted July 11, 1944, providing:

"The first Tuesday in the month of July of each even numbered year shall be biennnal regular primary election day, . . . .," is amended, by implication, by 25 O. S. 1941 Supp. §82.1 effective April 3, 1947, thereby fixing the date of the biennial regular primary election, when same falls on Independence Day (July 4th), on the succeeding day or July 5th.

2

Section 82.1, supra, provides:

"The designation and dates of holidays in Oklahoma shall be as follows: . . . Independence Day on the 4th day of July, . . . Any act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay."

The board contends that it was not the intention of the Legislature in the passage of section 82.1, supra, to modify the specific and mandatory provisions of section 113, supra, expressly providing that general primary elections "shall be" held on the date set forth therein, in this instance, July 4, 1950, and to change said date to July 5th.

In this connection the Board calls attention to the title of 25 O. S. 1941 Supp., and section 82.2 of the Act which designates as a holiday "each day in which a state election is held throughout the State of Oklahoma. . . ." The title to the Act in part is as follows:

"An Act designating holidays and regulating the transaction of business thereon. . . . ."

It is correctly conceded that the statute fixing the date of the general primary election is mandatory and the election must be held on the date designated by the Legislature. An election held on a date not fixed in pursuance of law or contrary to law would be void. This is asserted by the state and conceded by the petitioner. 40 C. J. S. §3, p. 411; 29 C.J.S. §77, p. 102; Garner v. Tulsa Building & Loan Company, 131 Okla. 232, 268 P. 722; McLaughlin v. Houston-Hudson Lumber Co., 31 Okla. 182, 120 P. 659.

The petitioner does not contend that a general primary election could not be held on a holiday fixed by statute and in this connection concedes that all general primary elections would have to be held on the first Tuesday in July except when said date fell on July 4th Independence Day. His whole contention is that by necessary implication under such circumstances the date for holding such election is changed to July 5th. He also correctly concedes that the title of 25 O. S. 1941 Supp. §82.1 controls the scope or applicability of it. Traders Compress Co. v. Precure, 107 Okla. 191, 194, 231 P. 516.

So, the question here is: Does the right to or the exercise of suffrage constitute business which is the thing regulated by section 82.1, supra?

25 O. S. 1941 §1 provides:

"Words used in any statute are to be understood in the ordinary sense, except when a contrary intention plainly appears . . ."

"Statutes commanding the suspension of official business upon holidays should be construed so as to prohibit only such acts as are in express terms or by clear implication within the purview of the act." See McLaughlin v. Houston-Hudson Lumber Co. et al., supra; Whipple v. Hill, 36 Neb. 720, 55 N.W. 227, 20 L. R. A. 313, 38 Am. St. Rep. 472; 21 Cyc. 445; Lord v. Gifford, 67 N. J. Law, 193, 50 Atl. 903.

There is no provision of law in this state which commands a suspension of official business upon a holiday. McLaughlin v. Houston-Hudson Lumber Co. et al., supra; Garner v. Tulsa Building & Loan Co., supra.

"A legal holiday other than Sunday has effect as a holiday only as to those acts and transactions which are designated in the statute establishing the day. Accordingly, it is held that with the exception of matters concerning which the statute provides that the day shall be treated as Sunday, any act done on that day is as effective as if done on any other day." 29 C. J. 762.

"Business" in its broad sense is the efforts of men by varied methods of dealing with each other to improve their individual economic conditions and to satisfy their desires. People ex rel. Attorney General v. Jersin, 101 Colo. 406,

74 P. 2d 668. The word "business" as used in the title of 25 O.S. 1941 Supp. §82.1 refers generally to the commercial, industrial and professional engagements into which men enter jointly or severally for economic reasons. Hall v. Chattin, 17 Idaho, 664, 106 P. 1132. See, also, Washburn v. Commissioner of Internal Revenue, 51 F. 2d 949, 953; Karnuth v. U. S. on Petition of Albro, for Cook (N. Y.) 49 S. Ct. 274, 278, 279 U. S. 231, 73 L. Ed. 677; Holden v. O'Brien, 86 Minn. 297, 90 N. W. 531, Los Angeles County v. Industrial Accident Commission of State of California, 89 Cal. App. 736, 265 P. 362, Hunt v. Held, 90 Ohio St. 280, 107 N. E. 765; Zenker v. Zenker, 93 Pa. Super. 255, 258; Blinder v. United States Casualty Co., 257 Ill. App. 146; Schmidt v. Louis, Inc., 203 N. Y. S. 515, 518, 122 Misc. 249; State v. Canton, 43 Mo. 48, 51; Duncan v. Robertson, 58 Miss. 390, 396; Watters v. Hamilton Gas Co. (D.C.W. Va.) 10 F. Supp. 323, 326; Foster v. Monroe, 82 N. Y. S. 653, 40 Misc. 449; Florida Cent. & P. R. Co. v. City of Columbia, 32 S. E. 408, 413, 54 S. C. 266.

The provision of 25 O. S. 1941 Supp. §82.1:

"Any act authorized, required or permitted to be performed on a holiday . . . may be performed on the next succeeding business day . . ."

refers to commercial, industrial, and professional engagements and has no reference to the right or privilege of voting.

The holding of the primary election on July 4, 1950, will be in exact compliance with the law, and such election will be wholly valid as to the date. There is nothing in the law tending to change such date and the plaintiff shows no right to the order he seeks.

Writ denied.