## Student Voting

John D. Killian, 3rd, Deputy Attorney General, and Anne X. Alpern, Attorney General, April 6, 1960.—You request advice whether students in full time attendance at educational institutions may qualify as "absentee electors" within the meaning of Act No. 789, approved January 8, 1960. Section 102 $(y)$ of the act defines "absentee elector" as one who "on the occurrence of any election is unavoidably absent from the county of his voting residence by reason of his duties, business or occupation."

Webster's New International Dictionary, 2nd Ed.,

defines "business" as: "Quality or state of being busy . . . That which busies, or engages time, attention or labor, as a principal serious concern or interest . . ." (vol. I, p. 362), and "occupation" as: "That which occupies, or engages, the time and attention; the principal business of one's life, vocation; business . . .": vol. II, p. 1684.

"Business" and "occupation", in comprehensive terms, are commonly defined by the courts to mean activity, energy, capacity and opportunities by which results are reached, embracing everything about which a person can be employed, the efforts of men by varied methods of dealing with each other to improve their individual economic conditions and satisfy their desires and that which occupies the time, attention or labor of men for the purpose of profit or improvement: People ex rel. Attorney General v. Jersin, 101 Colo. 406, 74 P. 2d 668 (1937) ; Norman v. Southwestern R. Co., 42 Ga. App. 812, 157 S. E. 531 (1931) ; State ex rel. Sizemore v. State Election Board, 203 Okla. 1, 217 P. 2d 805 (1950). We are of the opinion that ·a student in full time attendance at an educational institution is there by reason of his "duties, business or occupation".

We are therefore of the opinion and you are accordingly advised that students in full time attendance at educational institutions may qualify as "absentee electors" within the meaning of Act No. 789, approved January 8, 1960, since they are there by reason of their "duties, business or occupation".

This opinion is not intended to supersede the powers conferred upon the county boards of elections by the provisions of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, 25 PS §2600 to §4051. The final decision on each application for absentee ballot rests with the county board of election to which the application is presented.