ELECTION FILING PERIOD ON LEGAL HOLIDAY The first legal day for filing declarations and notifications of candidacy for the elections to be held in 1976 will be on Monday, July 5, 1976, even though said date falls on a legal holiday. The Attorney General has considered your request for an opinion, wherein you ask the following question: "What is the first legal day for the filing of a Declaration of Candidacy in 1976?" Title 26 O.S. 5-110 [26-5-110] (1975), provides: "Declarations of Candidacy provided herein must be filed with the secretary of the appropriate election board no earlier than 8:00 a.m. on the first Monday after Independence Day of any even-numbered year and no later than 5:00 p.m. on the next succeeding Wednesday. Said Declarations of Candidacy may be transmitted by United States mail, but in no event shall the secretary of any election board accept said Declarations after the time prescribed by law." In 1976, the first Monday after Independence Day will fall on the fifth of July, making it a holiday under the provisions of 25 O.S. 82.1 [25-82.1] (1971). In the case of State ex rel. Sizemore, et al. v. State Election Board, Okl., 217 P.2d 805
(1950), a fact situation almost identical to the problem at hand was considered by the Oklahoma Supreme Court. In Sizemore, supra, the State Election Board of Oklahoma, through its secretary, had sent notices to the secretaries of the various county election boards notifying them that the regular primary election would be held on July 4, 1950. In the body of the opinion at page 806, the following language appears: "The petitioner contends that: 'The Legislature has provided that the primary election shall be held on the first Tuesday in July of each even numbered year, except when such date is a holiday, in which case, it shall be on the next succeeding business date. Such date in 1950 is July 5.' "Under this proposition he argues that 26 O.S. 1941 Supp., 113 [26-113], adopted July 11, 1944, providing: 'The first Tuesday in the month of July of each even numbered year shall be biennial regular primary election day, * * *.' It is amended, by implication, by 25 O.S. 1941 Supp., 82.1 [25-82.1], effective April 3, 1947, thereby fixing the date of the biennial regular primary election, when same falls on Independence Day, (July 4), on the succeeding day of July 5. "Section 25 O.S. 82.1 [25-82.1], supra, provides: 'The designation and dates of holidays in Oklahoma shall be as follows: * * * Independence Day on the fourth day of July * * *. Any act authorized, required or permitted to be performed on a holiday as designated in this section, may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay.' "The Board contends that it was not the intention of the Legislature in the passage of Section 82.1, supra, to modify the specific and mandatory provisions of Section 113, supra, expressly providing that general primary elections 'shall be' held on the date set forth therein, in this date July 4, 1950, and to change such date to July 5. "It is correctly conceeded that statute fixing the date of the general primary election is mandatory and the election must be held on the date designated by the Legislature. An election held on a date not fixed in pursuance of the law or contrary to law would be void. This is asserted by the State and conceded by the petitioner. 40 C.J.S. Holidays, 3, p. 411; 29 C.J.S. Elections, 77, p. 102; Garner v. Tulsa Building and Loan Co., 131 Okl. 232, 268 P. 722, 58 A.L.R. 1269; McLaughlin v. Houston-Hudson Lumber Co., 31 Okl. 182, 120 P. 659,38 L.R.A., N.S. 248. "So, the question here is: Does the right to or the exercise of sufferage constitute business which is the thing regulated by Section 82.1, supra?" (Emphasis added) The ultimate holding in the Sizemore, supra, case is at page 807 of the opinion, wherein the following language appears: "The holding of the primary election on July 4, 1950, will be in exact compliance with the law, and such election will be wholly valid as to the date. There is nothing in the law tending to change such date and the plaintiff shows no right to the order he seeks." The fact situation present in Sizemore, supra, is directly analogous to subject matter of your inquiry. The statute setting the dates for filing notifications and declarations of candidacy is mandatory and is not abrogated to any extent by the "holiday" statute. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: The first legal day for filing declarations and notifications of candidacy for the elections to be held in 1976 will be on Monday, July 5, 1976, even though said date falls on a legal holiday. (Michael Cauthron)