J. N. MICHEL v. THE BOXHOLM CO-OPERATIVE CREAMERY, Appellant.

**Legal holiday:** GROUNDS FOR CONTINUANCE. A party cannot be required to appear and answer to a suit on a legal holiday, but having previously appeared and answered he cannot have a continuance based on the fact that the case was set for trial on a legal holiday.

**Continuance:** SUBMISSION OF CONCEDED TESTIMONY. Where the opposite party admits that an absent witness would testify if present as stated in the application for continuance, and such statement is not read to the jury, the court is under no obligation to submit the same to the jury.

*Appeal from Boone District Court.—* HON. J. R. WHITAKER, Judge.

TUESDAY, NOVEMBER 14, 1905.

ACTION for damages resulting from the discharge of plaintiff before the expiration of the time he was to work for defendant as a butter maker. Judgment for plaintiff. The defendant appeals.— *Affirmed.*

*Ganoe & Hollingsworth,* for appellant.

*Reed Case,* for appellee.

LADD, J.— Issues had been joined at a previous term of court, and the cause was assigned for trial on February 22, 1904. The fact that this was a legal holiday was one of the grounds of a motion for continuance, filed February 19th, and when the case was called for trial defendant objected to being required to appear and enter upon the trial, and declined to participate. The motion and objection were overruled.

1. LEGAL
   HOLIDAYS:
   continuance.

Section 3541 of the Code, found in the chapter relating to the manner of commencing actions, after enacting that the mode of appearance in court may be (1) by filing a memorandum to that effect with the clerk, (2) or by entering an appearance in the appearance docket or the judge's calendar or announcing it to the court, or (3) by appearing for some special purpose connected with the case, provides that "no member of the General Assembly shall be held to appear or answer in any civil or special action in any court while such General Assembly is in session, nor shall any person be held to answer or appear in any court on the first day of January, the twenty-second day of February, the thirtieth day of May, the fourth day of July, the twenty-fifth day of December, or on any day of thanksgiving appointed by the President of the United States or by the Governor of this State."

An appearance as here contemplated is a submission to the jurisdiction of the court in response to the service of the original notice, and the exemption intended is from doing that which is declared to constitute such appearance on the days designated. The statute has no applicattion to one who has previously appeared and answered nor to attendance on court thereafter. The phrase "held to appear or answer" should be construed with reference to the subject-matter of the section, and, as that concerns appearance in an action in response to the notice "to appear," must have been intended in the same technical sense. Our statute does not create of holidays *dies non juridicus*. *Cham-*

*bers v. Oehler,* 107 Iowa, 155. Nor have they any sanctity
other than by statute conferred. As was well said in *Glenn
v. Eddy* (N. J. Sup.), 17 Atl. Rep. 145, 14 Am. St. Rep.
684: " When the statute declares them to be legal holidays,
it does not permit a reference to the legal status of Sunday
to discover its meaning, for it proceeds to interpret the
phrase, so far as it is prohibitory, by express enactment
declaring what shall not be done thereon. What it thus
expresses is prohibited. What it fails to prohibit remains
lawful to be done." See, also to the same effect, *Whipple
v. Hill,* 36 Neb. 720 (55 N. W. Rep. 227, 20 L. R. A. 313,
38 Am. St. Rep. 742); *Dunlap v. State,* 9 Tex. App. 179
(35 Am. Rep. 736); *State v. Sorenson,* 32 Minn. 118 (19
N. W. Rep. 738); *Hamer v. Sears,* 81 Ga. 288 (6 S. E.
Rep. 810); *Elrod v. Gray Lumber Co.,* 92 Tenn. 476 (22
S. W. Rep. 2). As the trial of causes on legal holidays,
save when falling on Sunday, is not prohibited, there was
no error in overruling the motion for continuance and the
proceeding with the trial on Washington's Birthday, how-
ever much the propriety of doing so may be questioned.

II. The motion for continuance was based in part on
the absence of a witness, and in response thereto plaintiff ad-
mitted that the witness, if present, would testify as stated.

**2. CONTINU-
ANCE:
submission
of conceded
testimony.** This statement, it is said, raised an issue which
should have been submitted to the jury. Had
it been read in evidence, in connection with the
admission, such would have been its effect. But it was not
offered by defendant, and this was no part of the court's
duty. The only effect of the admission was to authorize
the defendant to " read as evidence of such witness the facts
held by the court to be properly stated." Section 3665,
Code. If not so read, it was no more for the consideration
of the jury than a deposition or other evidence not intro-
duced.

The verdict was not excessive, and the judgment is *af-
firmed.*