PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMEN CENTRALE, INC., Defendant and Appellant.

No. 5056. Argued December 8, 1933.—Decided April 10, 1934.

*Jaime Sifre, Jr.,* and *R. Pastor* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 11th of October 1932, the prosecuting attorney of the District Court of Bayamón presented an information

against Carmen Centrale, Inc., for a violation of the Law of Weights and Measures. On the day of the arraignment the defendant appeared by its attorney and entered a plea of not guilty. The case was set for the 19th of January 1933. On that date, upon the reading of the information, the defendant, with the consent of the court and the prosecution, withdrew its plea of not guilty and proceeded to present a motion to dismiss the case because the information had not been filed in time. It would appear that on the 3rd of June 1932, the Carmen Centrale was summoned to appear before the municipal judge on the 10th of June 1932, to answer a complaint (*contestar la denuncia*) for the crime of having violated section 16 of Act No. 30 of June 15, 1921 (Session Laws, p. 178). The corporation appeared before the municipal judge and the latter, pursuant to section 457 of the Code of Criminal Procedure, forwarded a certificate to the District Judge of Bayamón. The prosecuting attorney, as has been said, presented the information on the 11th of October 1932.

The motion for a dismissal was argued before the district court and overruled. It was based on section 448 of the Code of Criminal Procedure, which reads as follows:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter . . ."

The *Fiscal* of this court maintains that he has not been able to find authorities to cover the contentions that he raises in this case other than general provisions of the code itself and the inference to be made therefrom. He argues that the words "held to answer" in section 448 mean that the person charged with a crime must be arrested in order to be able to take advantage of section 448; that a corporation necessarily is not subject to arrest; that under section 453 of the Code of Criminal Procedure the prosecuting attorney of a

district court is under no duty to file an information immediately; and that there .could be no imperative duty to file an information against a corporation within sixty days from the date of the certificate.

The words "held to answer" we can conceive might mean that an arrest of a person was necessary, but such conclusion is matter to be demonstrated. The word "held" may possibly mean that a person is bound to appear and take the consequences of a judgment pronounced against him.

It stands to reason that a corporation might suffer before the public by the pendency of a charge of a crime, and that even its pecuniary interest. might be affected. A large proportion of our commerce is done by corporations. Some of them abuse their privileges, but there is no presumption against them. On the contrary, like every one else, they are presumed to be innocent.

The proceeding to be followed against corporations is set forth in sections 453 to 460 of the Code of Criminal Procedure, as follows:

"Sec. 453. Upon a complaint being filed against a corporation the justice of the peace must issue a summons signed by him, with his name of office, requiring the corporation to appear before him at a specified time and place to answer the charge, the time to be not less than ten days after the issuing of the summons.

"Sec. 454. The summons must be substantially in the following form:

"\*     \*     \*     \*     \*     \*     \*

"Sec. 455. The summons must be served at least fives days before the day of appearance fixed therein, by delivering a copy thereof and showing the original to the president or other head of the corporation, or to the secretary, cashier, or managing agent thereof.

"Sec. 456. At the appointed time in the summons, the officer before whom the corporation is summoned to appear must proceed to investigate the charge in the same manner as in the case of a natural person, so far as these proceedings are applicable.

"Sec. 457. After hearing the proofs, the officer must certify upon the depositions, either that there is or is not sufficient cause to

believe the corporation guilty of the offense charged, and must return the deposition and certificate.

"Sec. 458. If.the officer returns a certificate that there is sufficient cause to believe the corporation guilty of the offense charged, the prosecuting attorney must file an information thereon, as in case of a natural person held to answer.

"Sec. 459. If an information is filed, the corporation may appear by counsel to answer the same. If it does not thus appear, a plea of not guilty must be entered, and the same proceedings had thereon as in other cases."

"Sec. 460. When a fine is imposed upon a corporation on conviction, it may be collected by virtue of the order imposing it, by the officer of the court out of its real and personal property."

The certificate of the municipal judge reached the district judge on June 23, 1932, and the appellant insists that the information should have been filed within sixty days thereafter.

Section 559 of the Penal Code provides:

"Words used in this Code in the present tense include the future as well as the present; words used in the masculine gender shall be held to include all genders, except where such construction would be absurd or unreasonable; the singular number includes the plural,. and the plural the singular; the word 'person' includes a corporation as well as a natural person . . ."

So that one would expect that a corporation would have the same rights as a natural person when charged with a crime.

The emphasis of the government is on the fact that a corporation can not be arrested. It is urged that the words "held to answer" used in section 448 mean that a person must be under arrest and he should be put at liberty.

In the history of the law of corporations one of the earliest positions was that a corporation was a mere group of persons. Subsequently the idea of an independent entity took a great deal of force, but in certain cases the idea of a corporation being a group of persons continued to exist. For example, where a group of persons forming a corporation perpetrate a fraud, they can not protect themselves individually by

throwing the blame on the entity. *McCaskill* v. *United States*, 215 U.S. 504; *Hale* v. *Henkel*, 201 U.S. 43; 14 C.J. 59. It would seem to follow that when the integrity or the good will of a corporation is attacked it also may recur to the fundamental proposition that it is a group of persons that may be affected by a criminal charge.

The words "held to appear or answer" have been construed in *Mitchel* v. *Boxholm Co-operative Creamery,* 128 Iowa 706, 105 N.W. 323, or rather the words are used by the legislature to require an appearance or an answer. The case shows that the words "held to answer" do not necessarily mean an arrest. When a person, natural or artificial, is bound to answer a charge or be convicted, that person is held to answer.

We may imagine that a number of merchants are all equally alleged to be guilty of the violation of a municipal ordinance. Some of them are individuals and some are corporations. If all the cases against natural persons could be dismissed because the information was not filed in time, should the other prosecutions proceed indefinitely because of the fact that they were corporations? This is one of many cases easily to be imagined where a corporation, like an individual, has a right, under section 448, *supra,* to be free of the imputation of a crime by reason of a prosecution commenced against it.

In other words, we conclude that the commencement of a prosecution against a corporation is holding it to answer. The total idea of section 448 is that when a person is held to answer the information must be filed within sixty days, and we are of the opinion that this time begins to run when the certificate of the municipal judge is returned in accordance with section 457, *supra.*

The *Fiscal* also maintains that in California the statute says that the district attorney "may" file an information against the corporation; that in copying the statute in Puerto Rico the word used was "must." The idea of the appellee is

that the district attorney has a reasonable time within which to present an information against a corporation. The foregoing general considerations cover this point.

The judgment will be reversed and the action dismissed.