494

El Pueblo de Puerto Rico, demandante y apelado, *v.* Carmen Centrale, Inc., acusada y apelante.

No. 5056.—*Sometido:* Diciembre 8, 1933. *Resuelto:* Abril 10, 1934.

*Jaime Sifre Jr.,* y *R. Pastor,* abogados de la apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El 11 de octubre de 1932 el Fiscal de la Corte de Distrito de Bayamón presentó acusación contra Carmen Centrale, Inc., por infracción a la Ley de Pesas y Medidas. El día de la lectura de la acusación la acusada compareció por conducto de su abogado y alegó ser inocente. El caso fué señalado para el 19 de enero de 1933. En ese día, al leerse la acusación, la acusada, con el consentimiento de la corte y del ministerio público, retiró su alegación de inocencia y procedió a presentar una moción de archivo y sobreseimiento porque

la acusación no había sido radicada en tiempo. Parece desprenderse que el 3 de junio de 1932 la Carmen Centrale fué citada para que compareciera ante el juez municipal el 10 de junio de 1932, a contestar la denuncia por el delito de haber violado la sección 16 de la Ley Núm. 30 de junio 15, 1921 (pág. 179). La corporación compareció ante el juez municipal y éste, con arreglo al artículo 457 del Código de Enjuiciamiento Criminal, remitió una certificación al Juez de Distrito de Bayamón. Según se ha dicho, el fiscal presentó la acusación el 11 de octubre de 1932.

La moción de archivo y sobreseimiento fué argumentada ante la corte de distrito y declarada sin lugar. Se basó en el artículo 448 del Código de Enjuiciamiento Criminal, que lee así:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

El fiscal de este tribunal sostiene que no le ha sido posible encontrar autoridades sobre las contenciones que suscita en este caso, a no ser preceptos generales del propio código y las inferencias deducibles de los mismos. Arguye que las palabras "held to answer" (el código en castellano dice *detenida*) en el artículo 448 significan que la persona acusada de un delito debe ser arrestada para que pueda acogerse al artículo 448; que una corporación necesariamente no está sujeta a arresto; que según el artículo 453 del Código de Enjuiciamiento Criminal el fiscal de una corte de distrito no está en la obligación de radicar una acusación inmediatamente; y que no puede haber ningún deber imperativo de radicar una acusación contra una corporación dentro de sesenta días, contados a partir de la fecha de la certificación.

Podemos concebir que las palabras "held to answer" podrían significar que el arresto de una persona era necesario, pero tal conclusión es cuestión que debe ser demostrada. La palabra "held" posiblemente puede significar que una persona está obligada a comparecer y afrontar las consecuencias de una sentencia dictada en su contra.

Es claro que una corporación tal vez sufra algún perjuicio ante el público con la pendencia de una acusación criminal y que aun sus intereses pecuniarios podrían ser afectados. Una gran proporción de nuestros negocios es efectuada por corporaciones. Algunas de ellas abusan de sus privilegios, pero no existe presunción alguna en su contra. Por el contrario, al igual que a todo el mundo, se les presume inocentes.

El procedimiento a seguirse contra las corporaciones aparece prescrito en los artículos 453 a 460 del Código de Enjuiciamiento Criminal en la siguiente forma:

"Artículo 453. Al hacerse una denuncia contra una corporación, el juez de paz debe librar cédulas de citación firmadas por él con el nombre de su cargo, requiriendo a la corporación para que en el día, hora y lugar especificados, comparezca ante él a contestar los cargos que contra ella se hagan, no debiendo dicho plazo ser menos de diez días de la fecha en que se libró la citación.

"Artículo 454. Le cédula de citación debe estar concebida sustancialmente en la forma siguiente:

"* &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Artículo 455. La cédula de citación debe ser presentada por lo menos cinco días antes del fijado para la comparecencia, mostrando el documento original al presidente o cualquiera otro jefe de la corporación o al secretario, cajero o director de la misma, en cuyo poder se dejará una copia de dicha cédula.

"Artículo 456. En el día y hora que se señale en la citación, el funcionario ante quien deba comparecer la corporación, debe proceder a investigar el hecho que se denuncia, en la misma forma que si se tratare de un individuo particular, hasta donde fueren aplicables estos procedimientos.

"Artículo 457. Después de oídas las pruebas el funcionario debe, en vista de las declaraciones, certificar si existen o no causas suficien-

tes para creer que la corporación es culpable del delito que se le imputa y debe remitir las declaraciones y la certificación al juez competente.

"Artículo 458. Si el funcionario pasa una certificación en la que se manifieste que existe causa bastante para creer que la compañía es culpable del delito que se le imputa, el fiscal debe presentar la correspondiente acusación como si se tratare de un individuo particular.

"Artículo 459. Si se presentare una acusación, la compañía puede comparecer a contestar el cargo por medio de abogado. Su no comparecencia, como queda dicho, equivaldrá a negar la acusación, y en su consecuencia se procederá en la misma forma que para los demás casos.

Artículo 460. Cuando se imponga una multa a una compañía, al ser declarada culpable, podrá el funcionario del tribunal hacer efectiva dicha multa, de los bienes muebles o inmuebles que la citada compañía posea, en virtud de la orden por la cual aquélla ha sido impuesta.''

La certificación del juez municipal llegó al juez de distrito en junio 23 de 1932 y la apelante insiste en que la acusación debió haber sido radicada dentro de los sesenta días siguientes.

El artículo 559 del Código Penal provee:

"Las voces usadas en este Código en el tiempo presente, incluyen también el futuro; las usadas en el género masculino incluyen el femenino y el neutro, salvo los casos en que tal interpretación resultare absurda; el número singular incluye el plural, y el plural incluye el singular; la palabra 'persona' incluye una corporación así como una persona natural . . .''

De suerte que es de esperarse que una corporación tenga los mismos derechos que una persona natural al ser acusada de un delito.

El Pueblo da énfasis al hecho de que una corporación no puede ser arrestada. Sostiene que las palabras "held to answer," usadas en el artículo 448, significan que una persona tiene que estar arrestada y debe ser puesta en libertad.

Según la historia de la ley de corporaciones, una de las ideas más antiguas fué que una corporación era un mero grupo de personas.

Posteriormente, el concepto de una entidad independiente

tomó gran auge, pero en ciertos casos la idea de ser una corporación un grupo de personas continuó existiendo. Por ejemplo, cuando un grupo de personas que constituyen una corporación perpetran un fraude, no pueden protegerse a sí mismas individualmente, echándole la culpa a la entidad. *McCaskill* v. *United States,* 216 U. S. 504; *Hale* v. *Henkel,* 201 U. S. 43; 14 C. J. 59. De ello se desprende que cuando la integridad o el buen nombre de una corporación son atacados, ella puede también recurrir a la idea fundamental de que está constituída por un grupo de personas que pueden ser afectadas por una acusación criminal.

▪ Las palabras "held to appear or answer" han sido interpretadas en el caso de *Mitchel* v. *Boxholm Co-operative Creamery,* 128 Iowa 706, 105 N. W. 323, o más bien dichas palabras han sido usadas por la legislatura para exigir una comparecencia o una contestación. El caso demuestra que las palabras "held to answer" no significan necesariamente un arresto. Cuando una persona, natural o jurídica, está obligada a contestar una acusación o propensa a ser convicta, esa persona está "held to answer."

▪ Imaginémonos que se alega que un número de comerciantes son todos por igual culpables de infringir una ordenanza municipal. Algunos de ellos son individuos y otros corporaciones. Si todos los casos seguidos contra personas naturales pudiesen ser archivados porque la acusación no fué radicada a tiempo, ¿deberían las otras acusaciones proseguir indefinidamente debido al hecho de tratarse de corporaciones? Éste es uno de los muchos casos que fácilmente pueden imaginarse en que una corporación, al igual que un individuo, tiene el derecho, al amparo del artículo 448, supra, a que se le exima de la imputación de un delito a causa de una acusación incoada en su contra.

En otras palabras, resolvemos que la iniciación de un proceso contra una corporación es "holding it to answer." La idea total del artículo 448 es que cuando una persona es llamada a comparecer a contestar, la acusación debe ser radi-

cada dentro de sesenta días, y somos del criterio de que este término empieza a correr cuando el juez municipal pasa la certificación a tenor del artículo 457, supra.

El fiscal también sostiene que en California el estatuto dice que el fiscal puede (*may*) radicar una acusación contra la corporación; que al copiar el estatuto en Puerto Rico se usó la palabra "debe" (*must*). La idea del apelado es que el fiscal tiene un término razonable para presentar la acusación contra una corporación. Las anteriores consideraciones generales cubren este punto.

*Debe revocarse la sentencia y archivarse el caso.*